[Civ. No. 4152. First Appellate District, Division One.—January 14, 1922.]

MINNIE L. STEWART et al., Respondents, v. V. W. TILSON, Appellant.

[1] EJECTMENT — FORFEITURE OF LEASE — CONFLICT OF EVIDENCE — FINDING—APPEAL.—A finding on conflicting evidence in an action in ejectment that the plaintiffs had not waived the forfeiture provision of the lease by virtue of which defendant was in possession cannot be disturbed on appeal.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. S. Maloney for Appellant.

Frank T. Bates for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiffs in an action for possession of real estate. The complaint is in the usual form of an action for ejectment, the plaintiffs alleging that on July 1, 1920, and at all times thereafter they were the owners and entitled to the premises described therein; that on July 3, 1920, the defendant unlawfully and without right or title so to do entered into and upon said premises and ousted said plaintiff therefrom, and thereafter and without right has withheld and still withholds the possession of said premises from said plaintiffs to their damage, etc. The prayer is for the restitution of said premises with damages for the withholding thereof and for the rents, issues, and profits thereof. The answer of the defendant admits that on the first day of July, 1920, the plaintiffs were the owners of the premises in question, but denies that they were then or thereafter entitled to the possession thereof, and further denies any unlawful ouster of the said plaintiffs from the said premises or any damages as the result thereof. And for a further answer the defendant alleges that he is in possession of the premises by virtue of a certain written lease thereof, the terms of which he has fully complied with by offering to pay the

plaintiffs the money due as rent according to the terms thereof which the plaintiffs have refused to accept. He attaches said lease to his answer and makes it a part thereof. The lease is dated January 31, 1919. It describes the premises in question and purports to be for a term of five years at the yearly rent of $1,380, payable quarterly in advance. It further provides that in case any rent shall remain due for a period of more than thirty days the party of the first part may enter upon the premises and expel the party of the second part therefrom and terminate the lease. When the cause came on for trial upon the issues as thus made up the defendant offered and was permitted to file an amended answer, wherein he alleged as an additional defense that the plaintiffs had waived the provisions of said lease relative to the payment of rent at the time specified therein and had on or about May 3, 1920, by the acceptance of a portion of certain rent then due, extended and agreed to extend the time for the defendant to make the payment of the balance of said rent so as to waive the conditions as to the forfeiture of said lease. [1] Upon the trial of the cause the only contest was that arising from the averments of the defendant's amended answer, as to whether there had been a forfeiture of said lease. Upon this question the evidence of the respective parties was sharply in conflict. The defendant and his witnesses testified in support of the averments of his said amended answer and the plaintiffs denied the existence of any agreement to extend the time for the payment of any portion of said rental or any waiver of the forfeiture clause in said lease. Upon this state of the evidence the trial court made the following finding: "That it is not true as stated in paragraph 4 of defendant's amended answer herein, that said plaintiffs, at the time mentioned therein, or at any other time, agreed with said defendant to extend the time of payment of said rent, or any rent until such time as said defendant could find a market for his hay; and it is not true that said plaintiffs ever agreed to an extension of time for the payment of rent which would or did alter or vary the provision of said lease as to termination thereof." Following the foregoing finding the court found upon sufficient evidence that the plaintiffs had by proper notices terminated said lease, notwithstanding which the defendant had refused to deliver up the possession of the premises. As a conclusion

of law the court found the plaintiffs to be entitled to a judgment for the restitution of the said premises with damages for the withholding thereof. Judgment was entered accordingly.

It is clear that in view of the aforesaid conflict in the evidence and of the said findings of the court thereon we cannot disturb said findings or interfere with said judgment under the well-settled rules of law.

Judgment affirmed.

Tyler, P. J., and Kerrigan, J., concurred.