(No. 31001.—

CHESTER B. McLAUGHLIN *et al.*, Appellants, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed May 19, 1949—Rehearing denied September 19, 1949.*

494

CHAPMAN & CUTLER, of Chicago, (FREDERICK O. DICUS, and JOHN N. VANDER VRIES, of counsel,) for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal by Chester B. McLaughlin, individually and as executor of the last will and testament of Evelyn Florence Pardridge, deceased, and Catherine O'Connell Pardridge from a final judgment and order of the county court of Cook County fixing and assessing inheritance taxes in the estate of Evelyn Florence Pardridge, deceased.

Evelyn Florence Pardridge, a resident and citizen of, and domiciled in, the county of Fairfield, State of Connecticut, died July 27, 1944, leaving a last will and codicil thereto, which were duly admitted to probate in Fairfield County, Connecticut, and also in Cook County in this State.

Decedent possessed two testamentary powers of appointment over one fourth of the property held in two trusts created by her father on May 6, 1910, and December 18, 1911, respectively, by two deeds or indentures of trust. In her will and codicil decedent exercised the powers of appointment granted to her under said deeds by appointing three fourths of the property subject to such power to Catherine O'Connell Pardridge and one fourth thereof to Chester B. McLaughlin.

Decedent, some six months prior to her death, had by good and valid decree of the probate court for the District of Darien, State of Connecticut, legally adopted as her child the appointee Catherine O'Connell Pardridge, who was then of the age of forty-eight years. In the inheritance tax proceedings before the county judge of Cook County, it was contended by appellants herein that since Catherine O'Connell Pardridge had been legally adopted by the decedent pursuant to the laws of Connecticut, the taxes should be fixed and assessed against her as a legally adopted child of decedent. From an order of the county judge of Cook County fixing and assessing the tax against Catherine O'Connell Pardridge as a stranger and unrelated to the decedent, an appeal was taken by the appellants herein to the county court of Cook County. On December 15, 1948, a final order and judgment was entered by the county court fixing and assessing the tax on the basis that Catherine O'Connell Pardridge was a stranger and unrelated to the decedent. It is from this order of the county court of Cook County that appellants are here on appeal.

The fair market value of all Illinois real estate or interest therein subject to decedent's powers of appoint-

ment was appraised at $204,554.35. The portion thereof which passed to Catherine O'Connell Pardridge was appraised at $153,415.76, and by the county court's judgment the tax on this portion passing to her was fixed at $24,395.78. This amount of tax was computed and fixed on the basis of a finding that the relationship of Catherine O'Connell Pardridge to decedent was that of a "stranger," such finding being that the relationship was not that of a "child legally adopted," thus making applicable the lowest possible exemption and the highest possible rate of tax.

The question presented here is one of law as to whether a person, adopted by decree of court of a State other than Illinois, which decree is admittedly legal and valid in all respects pursuant to and in accordance with the law of the State where it was entered, is a "child legally adopted" within the purview of section 1 of the Illinois Inheritance Tax Act, (Ill. Rev. Stat. 1947, chap. 120, par. 375,) even though such person had attained his majority at the time of his adoption.

It is contended by appellants that the status of Catherine O'Connell Pardridge as an adopted child of decedent was established by the Connecticut decree of adoption, which status, under the doctrine of comity and the full-faith-and-credit clause of the Federal constitution must be recognized in this State, and that as a result thereof she is entitled to the same rights under the inheritance tax laws of this State as a person adopted in conformity with the laws of Illinois.

Appellee finds no fault with the legality of the adoption decree, but contends that it rests with the law-making body of this State to declare what tax liability, if any, in this State results from the creation of such status; that the taxing laws of this State must be looked to in order to determine whether such status is subject to or exempt from the burden of a tax, and that since it is impossible to adopt an adult under the laws of Illinois, therefore the phrase "any child or children legally adopted," as used in

section 1 of the Inheritance Tax Act, refers only to persons who have been legally adopted during minority.

An examination of the Inheritance Tax Act discloses provisions for a tax upon the transfer of property by will or the intestate laws of this State. The tax which it imposes is an inheritance tax assessed upon the right of succession to the beneficial interest in property upon the death of a decedent. (*People* v. *Tombaugh,* 303 Ill. 591.) It is a tax upon the right to receive property by descent or devise. (*People* v. *Estate of Strom,* 363 Ill. 241.) For the purpose of fixing tax rates and exemptions section 1 of the act classifies all persons succeeding to beneficial interest in property by inheritance or testamentary disposition. The section provides for an inheritance tax exemption to the extent of $20,000 in value of the property passing to any child legally adopted by the decedent, and provides that the rates of tax shall be upon the amount in excess of the exemption "when the beneficial interest to any property or income therefrom shall pass to or for the use of  *  *  * any child or children legally adopted."

The right to take property by descent or devise is statutory and exists only because the legislature of the State has seen fit to create such right. It necessarily follows from this that the power which creates may impose conditions or burdens on a right of succession, by inheritance or devise, to property which was owned by a person who has died. (*National Safe Deposit Co.* v. *Stead,* 250 Ill. 584; *In re Estate of Speed,* 216 Ill. 23.) If a burden in the nature of taxation is laid upon the right to take by inheritance or devise, the legislature in laying the tax may consider the relation which the person given the right of succession sustains to the deceased, to the property or to the State, and, subject to constitutional principles that taxes must be uniform as to the classes upon which they operate, may lay taxes upon the right of one class of persons to succeed to the property of deceased persons and exempt

the right of other classes of persons from such taxation. *In re Estate of Speed,* 216 Ill. 23.

The general rule, in effect reiterated in the decisions of this and other courts, is that the status acquired by a valid decree of adoption in one State will be recognized and given the same effect by the courts of another State in determining rights of inheritance as would be given if the status of adoption had been created by a valid decree of a court in the latter State. (*McNamara* v. *McNamara,* 303 Ill. 191; *Van Matre* v. *Sankey,* 148 Ill. 536; *Keegan* v. *Geraghty,* 101 Ill. 26; *In re Morris' Estate,* 56 Cal. App. 203, 133 Pac. 2d 452; *Barret* v. *Delmore,* 143 Ohio St. 203, 54 N.E. 2d 789, 154 A.L.R. 192; *In re Estate of Youmans,* 15 N.W. 2d 537, 154 A.L.R. 1171.) This general rule is subject, however, to the restriction that such status has not been acquired in violation of an express provision of the positive law of the State in which its recognition is asked or that the right of inheritance, either entirely or partially, is not denied to the adopted child by the laws of said State. (*McNamara* v. *McNamara,* 303 Ill. 191.) It is the province of the State in which real estate is located to prescribe whether, or to what extent, adopted children will be permitted to inherit, and to declare what burdens, if any, either by way of taxation or otherwise, shall be imposed on such rights of inheritance.

Counsel on behalf of appellee submit that they are perfectly willing for this court to recognize the validity of the Connecticut decree of adoption and to take cognizance of Catherine O'Connell Pardridge's status as a legally adopted child of decedent under said decree; but their contention is that the inheritance tax liability of Catherine O'Connell Pardridge in this State does not depend upon the status created by the Connecticut adoption decree, but upon the Inheritance Tax Act of this State, the provisions of which, it is claimed, do not entitle her, because of such status, to

the benefits extended in section 1 of the act to a legally adopted child of a decedent. This claim is based upon the theory that because the laws of Illinois do not permit the adoption of adults, the word "child," as used in the adoption statute, means a minor child, (*Bartholow* v. *Davies,* 276 Ill. 505,) and therefore the words "any child or children legally adopted," as used in section 1 of the Inheritance Tax Act, were intended by the legislature to mean only those persons who were legally adopted during minority.

Appellants admit the correctness of appellee's contention that the laws of a taxing sovereign determine whether a status created by the laws of a foreign sovereign result in the imposition of, or exemption of, tax. They also admit that the intention of the legislature, in the use of the words "any child or children legally adopted" in section 1 of the Inheritance Tax Act, is controlling on the issue in this case; but their contention is that the use of such words can refer only to relational status and that the legislative history of section 1 of the Inheritance Tax Act clearly indicates the intention of the legislature in the use of said words to recognize foreign adoptions of adult persons.

The adoption of one person by another is entirely statutory, the right of adoption being unknown to the common law. The first statute on the subject in this State was an act of the legislature passed in 1867, entitled "An Act to provide for the adoption of minors." (Laws of 1867, p. 133.) In 1874 this act was repealed and the subject revised by the enactment of a statute entitled "An Act to revise the law in relation to the adoption of children." (Ill. Rev. Stat. 1874, chap. 4, par. 1, *et seq.*) Neither the title nor the body of that statute contained the word "minor," but it was held by this court, in an opinion handed down in 1917, (*Bartholow* v. *Davies,* 276 Ill. 505,) that the legislature intended the word "children," used in the title of the act, to mean "minor children," and the word

"child," as used throughout the body of the act, to mean "minor child." This, of course, passed upon the construction to be given the language in the Adoption Act.

The first inheritance tax law of this State was enacted in 1895. (Laws of 1895, p. 301.) This statute was repealed and the inheritance tax law revised by a statute enacted in 1909. (Laws of 1909, p. 312.) Neither section 1 of the 1895 act nor section 1 of the 1909 act, prior to its amendment in 1919, in the classification of rates and exemptions, made use of the phrase "any child or children legally adopted," but the words then used were "any child or children adopted as such in conformity with the laws of the State of Illinois." In 1919, at the first session of the legislature, however, following the decision in the *Bartholow case*, section 1 was amended by omitting therefrom the words "any child or children adopted as such in conformity with the laws of the State of Illinois" and substituting therefor the words "any child or children legally adopted."

It is clearly apparent that prior to the 1919 amendment of the Inheritance Tax Act no person who had been legally adopted in another State after he had attained his majority was entitled to the benefit of the tax rates and exemptions allowed by section 1 of the act to an adopted child, inasmuch as the same was allowed only to those persons who had been adopted "in conformity with the laws of the State of Illinois," which laws do not permit the adoption of adults. This narrows the issue in the instant case to the effect of the amendment of 1919 in striking out the words "any child or children adopted as such in conformity with the laws of the State of Illinois" and inserting in lieu thereof the words "any child or children legally adopted." If, as appellee contends, the words "legally adopted" mean adopted under the laws of Illinois or laws substantially similar thereto, then the amendment made no change in the law as a result of such change in language. Appellants'

contention, however, is that the legislature, by omitting in the amendment the requirement that the adoption be in conformity with the laws of Illinois, clearly indicated an intention to effect a change in the law by enlarging the class of adopted persons to include all persons legally adopted, whether adopted under the laws of Illinois or laws either in conformity with, or entirely dissimilar to, those of Illinois.

The effect of a change of language by an amendment and the rules involved in determining whether the same is without significance or results in a change in the law are stated in 50 Am. Jur. 261, par. 275, where it is succinctly pointed out that where a statute is amended it will not be presumed that the difference between the two statutes was due to oversight or inadvertence on the part of the legislature, but the presumption is that every amendment of a statute is made to effect some purpose, and effect must be given the amended law in a manner consistent with the amendment.

It will be observed that the language in question in the 1919 amendment is entirely different from that for which it was substituted in the statute. It cannot be presumed that the omission of the requirement for inheritance tax purposes that the adoption be in conformity with the laws of Illinois was accidental or that the legislature, in omitting the former requirements, was laboring under the misapprehension that an adoption in another State was not legal unless made under laws conforming to those of Illinois. We are of the opinion that when the words stricken out of the statute by the amendment are contrasted with those substituted therefor the reasonable conclusion is that the legislature deliberately intended a change in the law.

Appellee calls attention to decisions of this court holding that the question whether, for taxing purposes, a transaction was a sale must be determined under the provisions of the taxing statute and that neither the common law of

sales nor the provisions of the Uniform Sales Act furnish the criteria to apply in the characterization of the transaction; and it is argued that, by analogy, the adoption statute of Connecticut should not be permitted to determine whether, for inheritance tax purposes, an individual is a legally adopted child. Without taking issue as to the correctness of this proposition, or commenting on appellee's position in relying on the principle announced in the cited cases, while at the same time urging that the concept of an adopted child as contained in the Illinois Adoption Act should be applied in determining who is an adopted child for inheritance tax purposes, it is sufficient to say that the taxing statute here in question gives to all legally adopted persons, without exception, the lowest rate of tax and the highest exemption prescribed by the act and makes no restriction or condition whatsoever as to their age when adopted or the laws under which their adoption was had. Nothing can be found in any part of the statute indicating that any condition or qualification is required other than legal adoption. The Inheritance Tax Act imposes a special tax and in cases of doubt the language used in naming the persons in the class to which the lowest rates of taxation apply should be construed strictly in favor of the taxpayer. (*People* v. *Snyder,* 353 Ill. 184.) To hold, as appellee insists this court should, that a legally adopted person is not entitled to the benefit of tax rates and exemptions allowed to a legally adopted child unless his adoption occurred during infancy would be to annex to the statute a provision and condition which the General Assembly did not see fit to impose. This court should not by construction put into a law provisions which it does not contain, nor read into it a meaning not intended by the legislature.

Under the views as hereinabove expressed, the judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*