THIRD DISTRICT—APRIL, 1920.          625

I. C. O. M. E. L. Ins. Co. v. C., W. & V. C. Co., 217 Ill. App. 625.

## Illinois Coal Operators Mutual Employers Liability Insurance Company et al., Appellees, v. Chicago, Wilmington & Vermilion Coal Company et al., Appellants.

1. INSURANCE, § 30*—*how statute as to liability of member is construed.* Hurd's 1915 Rev. St. ch. 73, par. 309 *et seq.* [Callaghan's 1916 Stat. ¶ 6607(1) *et seq.*] cannot be construed as making the members of an insurance company organized thereunder not liable for losses existing at the time policies were issued to them.

2. STATUTES, § 207*—*what construction of statute will not be adopted.* A construction which will make it practically impossible to administer an act will not be adopted unless such construction was the plain meaning and intent of the legislature.

3. INSURANCE, § 30*—*what is extent of liability of member of mutual company.* Under Hurd's 1915 Rev. St. ch. 73, par. 317 [Callaghan's 1916 Stat. ¶ 6607(9)], which makes premiums paid and dues constitute the capital of insurance companies organized thereunder, the promise of one who becomes a member of such a company to pay premiums for one year constitutes his contribution to its capital and he is liable to the full amount thereof where it is necessary to pay creditors and cannot avoid payment of the remainder of the premiums by securing the cancellation of his policy.

Appeal from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM E. WHEELER, for appellants.

STUART BROWN, for appellees.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The Illinois Coal Operators Mutual Employers Liability Insurance Company was organized in the year 1905, under an act of the legislature approved May

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXVII 40

26, 1905, for organizing mutual insurance companies to furnish insurance against loss to members in consequence of accidents to employees. [Chapter 73, par.'s 309-334, Hurd's Statute 1915, Callaghan's 1916 Stat. ¶ 6607(1) *et seq.*] It was dissolved in April 1915, leaving debts unpaid, and afterwards filed an amended bill in the circuit court of Sangamon county against one hundred or more policyholders and former policyholders. The prayer of such amended bill was for an accounting, marshaling of assets, judgments against the various defendants for such amounts as may be ascertained to be due the company, the appointment of a receiver, the ascertainment and payment of debts.

An interlocutory decree was entered, in the cause, in which the court construed the statute, and laid down the method whereby the master in chancery should make computation and report to the court. After this was done a final decree was entered in which it was decreed, among other things, that the Big Muddy Coal & Iron Company pay $3,000; the Lumaghi Coal Company, $4,436.62; the Moffat Coal Company, $345.93, and the Williamson County Coal Company, $1,877.03. These four companies have appealed.

Appellants concede that if the court properly construed the statute, the evidence justifies the amounts of the decree against them. Each appellant held a policy or policies in the Insurance Company for a term of one year. The premium specified, in each policy, was a certain rate per hundred on the pay roll of the insured during the time the policy was in force. At the instance of the appellants the Insurance Company canceled the policies prior to the expiration of the year.

The circuit court held that the total premium for the entire year was liable for the losses of the company occurring before appellants became members of

the Insurance Company, even though the policies were canceled at the instance of appellants prior to the expiration of the year. The assignments of error question this ruling. Appellants make two claims, (1) that they are not liable for the debts existing at the time they became policyholders; and (2) that they are not liable after the policies were canceled. They contend that by section six, of the act, they are liable only so long as they shall continue to be insured, and during the period of insurance only are bound to pay such expenses as may accrue in the management of such company. They further contend that as losses occur, under section six, the Insurance Company would be compelled to make assessments; that if the losses were more than the premium notes, then the losses must be prorated; that what would otherwise be carried as a deficit would be avoided by charging it off after prorating the loss. Hence appellants claim they are not liable for the losses existing at the time policies were issued to them.

We believe that such a construction would make it practically impossible to administer the act. Claims cannot be settled promptly. Many of them must necessarily be delayed for several months or even longer in making settlements. It would practically be impossible to make every claim a period for a prorata settlement of the accounts. No fiscal year or other period for settlements and prorating of claims is fixed by the statute. Before adopting the construction, asked for by appellants, it should be clear that such was the plain meaning and intent of the legislature. We cannot say that such was the plain meaning and intention.

By section nine, of the same act of the legislature, the premiums paid and dues constitute the capital of the company. It follows that when appellants became policyholders their promises to pay premiums for one year constituted their contribution to the capital of

the Insurance Company. The policies might have been canceled so as to relieve appellants from future payments, if the rights of creditors did not intervene. Appellants are liable, to the full amount of their subscriptions to the capital, where the same is necessary to pay creditors. Therefore, under the facts existing in this case, they could not cancel their policies and thereby avoid payment of the remainder of the premium stated therein.

The decree of the chancellor is affirmed.

*Decree affirmed.*