(No. 13582.—Judgment affirmed.)

OLGA S. QUERNHEIM, Plaintiff in Error, *vs.* HENRY ASSELMEIER *et al.* Defendants in Error.

*Opinion filed February 15, 1921.*

1. COUNTIES—*when county board may revoke order fixing salary of truant officer.* The county board may, before the term of a truant officer has begun, reconsider its former action fixing the salary of such officer and may modify that order by increasing or lowering the amount allowed or revoking the order altogether for any justifiable reason, and no right will accrue to said officer which may be enforced against the board or the county.

2. SAME—*court cannot question motive of authorized act of the county board.* It is not the province of the court to question the wisdom of the action or motive of the county board when it acts within its authority, however unreasonable or unjust the order in question may seem, unless there is a showing that an actual right of the complainant has been violated.

3. OFFICES—*salary of officer whose term is not fixed by law may be increased or diminished during term.* Where the term of an office is not fixed by constitutional or statutory provision the office is held at the pleasure of the appointing power, and although that power has attempted to fix a definite term for the office, the constitutional provision that the salary of an officer shall not be increased or diminished during his term does not apply and the salary may be raised or lowered or revoked altogether by the proper authority.

4. MANDAMUS—*when officer cannot compel county board to appropriate certain sum for salary.* A truant officer appointed by the county superintendent of schools cannot compel the county board to appropriate a certain sum for her salary out of the taxes to be collected in a certain year, where the order fixing such salary had been revoked by the board before her term of office began and where her petition shows no existing order fixing a salary.

5. SAME—*the right to a writ of mandamus must be clear.* The right to a writ of *mandamus* must be clear, and the writ will not be issued in a doubtful case nor where the allegations in the petition fail to show a legal right thereto.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. GEORGE A. CROW, Judge, presiding.

BARTHEL, FARMER & KLINGEL, for plaintiff in error.

H. CLAY HORNER, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Olga S. Quernheim, plaintiff in error, by leave of court filed her petition in the circuit court of Monroe county praying for a writ of *mandamus* against Henry Asselmeier, Henry Giffhorn and Henry Mohme, composing the board of county commissioners of said county, commanding them to forthwith re-convene as such board for the purpose of making and completing the annual appropriation and levy of taxes to be collected for the year 1919, and that as such board they appropriate the sum of $1200 out of such taxes to be levied and collected as compensation to be paid to her or her successor in office as truant officer. The defendants in error filed a general and special demurrer to

this petition. The court sustained the demurrer, denied the writ and entered judgment for costs against plaintiff in error. The record has been brought to this court for review by writ of error.

The petition contained the following material facts: William C. Heyl was elected superintendent of schools of said county and his term expired August 4, 1919, and at the general election in November, 1918, he was re-elected to succeed himself as such county superintendent. He appeared before said board July 26, 1919, and requested it to fix the compensation of truant officer for said county to be selected by him for the ensuing term of his office, in pursuance of section 274 of "An act to establish and maintain a system of free schools," approved and in force June 12, 1909, as amended June 28, 1919. Thereafter, and on the same day, the board fixed the salary of the truant officer at $1200 per year, which was to include necessary traveling expenses, and to be payable monthly, specifically providing that such compensation for the months of August, September, October, November and December, 1919, and January, February and March, 1920, should not be due and payable until April 10, 1920. On July 28, 1919, the county board during the same session passed a resolution revoking the entire order of the board of July 26, 1919, pertaining to the salary of truant officer. On the same day the county board entered its order revoking its order of July 26 the superintendent of schools appointed plaintiff in error truant officer, and she then and there accepted the appointment in writing and filed her official bond in the penal sum of $1000, in accordance with the provisions of the statute, with the county clerk of said county, and the same was approved by the county judge July 31, 1919. She is a citizen of said county and has been for more than one month last past the truant officer and has been and is still performing the duties thereof, and is a person of good attainments and competent to perform the duties of the office as required by law.

Plaintiff in error contends that by reason of the provisions of section 11 of article 9 of our State constitution, providing that the fees, salary or compensation of no municipal officer who is elected for a definite term of office shall be increased or diminished during such term, the order of the board revoking its previous order fixing the salary for truant officer was void and of no force and effect; that the county board having acted and fixed the salary of such truant officer as required by law, had no further power or authority to either raise, lower or revoke the salary previously fixed by it during the term of the office for which plaintiff in error was appointed. We do not think that the board, in revoking the order fixing the salary aforesaid, violated any provision of said section 11 of our constitution. Its order fixing the salary and its order revoking the same were both made before the term of plaintiff in error commenced. For that reason her salary as such officer was neither raised nor lowered during her term of office. It was the duty of the county board to fix the salary for the plaintiff in error, and in contemplation of law its order fixing such salary should have been made before her term began,—that is, before August 4, 1919. The board had six days more to fix the salary after it had revoked its previous order, and under the holding of this court if it failed to fix the salary before that time it could legally fix it after her term of office legally began. (*Purcell* v. *Parks,* 82 Ill. 346.) The term of office of plaintiff in error not having begun when the revoking resolution was passed, no rights had accrued to her by reason thereof that she could compel or enforce against the board or county. The board therefore had the right to reconsider its former action and to modify that order by increasing or lowering the amount allowed or revoking the order altogether for any justifiable reason. (*Beckwith* v. *English,* 51 Ill. 147; *People* v. *Klokke,* 92 id. 134.) The interests of the public require that municipal bodies like county commissioners act with

296—32

due deliberation and caution, and the law should, and does, clothe ·them with the authority to reconsider, revoke or modify orders made through hasty or ill-advised action on their part. It is not for this court to say whether the action of defendants in error was ill-advised or otherwise. It is sufficient to say that the county board had the power and authority to reconsider its action, and it is not the province of this court to question that action or the motive of the board in so doing, however unreasonable or unjust it may seem, in the absence of a showing that an actual right of plaintiff in error has been violated.

There is another reason why the court properly denied the writ of *mandamus* under the issues in this case. The above provision of the constitution does not apply to any municipal officer who is not elected or appointed for a definite term of office. The section of the statute providing for the appointment of a truant officer does not fix any definite time for which the appointment is to be made, and there is no provision of our laws which does fix the term of such officer. Where an office is filled by appointment and a definite term is not fixed by constitutional or statutory provision the office· is held at the pleasure of the· appointing power and the incumbent may be removed at any time. (Throop on Public Officers, sec. 304;· Mechem on Public Officers, secs. 445, 454; *Ex parte Hennen,* 13 Pet. 230; *Parsons* v. *Breed,* 126 Ky. 759; *State* v. *Gordon,* 26 Ann. Cas. (1913A) 312, and note.; *Board of Commissioners* v. *Hart,* 37 L. R. A. (N. S.) 388, and note.) Where neither the statute nor the constitution fixes the term of the office the appointee holds at the pleasure of the appointing power, although the appointing power attempted to fix a definite term. (*Parsons* v. *Breed, supra.*) All courts whose States have constitutions with provisions similar to those of said article of our constitution hold, so far as we are aware, that appointive officers having no definite terms do not come within the provisions of the constitution.and that their sal-

aries may be raised or lowered at any time during the time they serve, as will be seen by consulting the authorities just cited.

It is conceded by the plaintiff in error that this is not a proceeding to compel the county commissioners to fix the salary of the truant officer. It is also conceded that if the salary was legally revoked under our construction of the law, under the facts alleged this proceeding to compel the making of the appropriation is premature. There is no allegation in the petition showing what further action, if any, the county board took in reference to fixing the salary after its resolution revoking the former order. There is no showing, therefore, that the plaintiff is entitled to any relief under this petition. She is not legally entitled to anything for salary in the absence of an unrevoked order of the county board fixing such salary. (*Purcell* v. *Parks, supra.*) We cannot, however, agree with defendants in error's contention that she was not legally appointed by the superintendent of schools because of the fact that she was appointed before her term was to begin and at a time when the law providing for a truant officer was not in force. The county superintendent was such county superintendent of schools at the time he made the appointment. She accepted and qualified with the view of taking office when her office should legally begin, and entered upon the discharge of her duties as such officer on August 4, 1919, and still is acting as such officer. She is the truant officer of Monroe county and entitled to have her salary fixed by the county board, but her petition shows no existing order of the board fixing her salary and no legal right to a salary. The right to *mandamus* must be clear, and it will not be sustained in a doubtful case or where the allegations in the petition fail to show a legal right to the writ.

The demurrer to the petition was properly sustained by the circuit court, and the judgment is affirmed.

*Judgment affirmed.*