(No. 24775.—

ROYAL T. MORGAN, Appellant, *vs.* THE COUNTY OF DU-PAGE, Appellee.

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

RICHARD F. LOCKE, and S. S. DUHAMEL, for appellant.

RUSSELL W. KEENEY, State's Attorney, (LEE E. DANIELS, JOEL BAKER, and WILLIAM E. HOOPER, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Royal T. Morgan filed a complaint in the circuit court of DuPage county, in which he asked judgment against the county for salary and expenses claimed to be due him as an assistant county superintendent of schools. He asserts that on April 1, 1932, the board of supervisors reduced his salary as such assistant from $250 to $200 per month, in violation of section 11 of article 9 of the constitution, which provides that the salary of a municipal officer who is elected or appointed for a definite term of office shall not be increased or diminished during said term. The complaint also alleges plaintiff was entitled to $20 a month in addition to the $30 a month allowed for traveling expenses from April 1, 1932. The answer of the defendant (appellee) denies most of the allegations of the complaint and that its action violated the constitution, for the reason that the appellant did not have a definite term of office. The further defense was made that the appellant had filed monthly claims for, and accepted, the lower salary and expense money for more than three years, and was estopped to now sue the county. The cause was tried before a court without a jury. The court found for the appellee and entered judgment against the appellant, for costs. The appellee filed a counter-claim alleging that from 1928 to 1931 appellant's salary had been increased $50 a month, aggregating $1643.56, which appellee would be entitled to recover if appellant was such an officer as came under the constitution, and a second counter-claim amounting to $870, based upon allowance of expenses not authorized by the board of supervisors. No disposition was made of the counter-claims by the trial court and no assignment of cross-errors is filed by appellee.

The statute provides for the appointment of an assistant superintendent of schools, and authorizes the county superintendent of schools "to employ, with the approval of the county board, such assistant or assistants as he needs

for the full discharge of his duties. Such assistants shall be persons of good attainments, versed in the principles and methods of education, familiar with public school work, and competent to visit schools." (Ill. Rev. Stat. 1937, chap. 122, par. 16, sub-par. 8.) It also provides: "The county superintendent of schools in each county shall appoint a county truant officer who shall be an assistant county superintendent of schools and who shall possess the qualifications required in this act." (Ill. Rev. Stat. 1937, chap. 122, par. 301(d).) Such assistants, when appointed, both have their compensation fixed by the board of county commissioners or board of supervisors, as the case may be, together with his necessary traveling expenses to be paid out of the county treasury. (Ill. Rev. Stat. 1937, chap. 122, par. 230, sub-par. 5, and par. 301(d).) All of the above provisions of the statute are a part of the act entitled, "An act to establish and maintain a system of free schools, approved June 12, 1909." Section 11 of article 9 of the constitution, among other things, provides: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term." The principal question for determination is whether an assistant county superintendent of schools is such an officer as comes within the provision of the constitution. We regard this question settled by the case of *Quernheim* v. *Asselmeier,* 296 Ill. 494. This case involved the salary of a county truant officer. The county board had authorized such an officer and fixed the salary, and later revoked the authority. The county superintendent of schools nevertheless appointed a truant officer and upon the refusal of the county board to appropriate and pay the salary, a *mandamus* suit was brought to compel such action, it being claimed that the truant officer came within the provisions of section 11 of article 9 of the constitution. In passing upon this contention the court says: "The above provision of the constitution does not

apply to any municipal officer who is not elected or appointed for a definite term of office. The section of the statute providing for the appointment of a truant officer does not fix any definite time for which the appointment is to be made and there is no provision of our laws which does fix the term of such officer. Where an office is filled by appointment and a definite term is not fixed by constitutional or statutory provision, the office is held at the pleasure of the appointing power and the incumbent may be removed at any time. (Throop on Public Officers, sec. 304; Meacham on Public Officers, secs. 445, 454; *Ex parte Hennen,* 13 Pet. 230; *Parsons* v. *Breed,* 126 Ky. 759; *State* v. *Gordon,* 26 Ann. Cas. 1913(a) 312, and note; *Board of Commissioners* v. *Hart,* 37 L. R. A. (N. S.) 388, and note.) Where neither the statute nor the constitution fixes the term of the office, the appointee holds at the pleasure of the appointing power, although the appointing power attempted to fix a definite term. (*Parsons* v. *Breed, supra.*) All courts whose States have constitutions with provisions similar to those of said article of our constitution hold, so far as we are aware, that appointive officers having no definite terms, do not come within the provisions of the constitution and that their salaries may be raised or lowered at any time during the time they serve, as will be seen by consulting the authorities just cited."

Nothing we could say would add to the language quoted. A truant officer is an assistant county superintendent of schools. The appellant is an assistant county superintendent of schools. The appellant in this case, and the appellant in the *Quernheim case,* both held their positions by virtue of the provisions of the School law of 1909. Where the same law authorizes a county officer to employ two assistants designated by the same name, but performing different duties, with salaries fixed in the same manner, the construction of the statute as it applies to one must necessarily be applied to the other.

The case of *People* v. *Whealan,* 353 Ill. 500, has no relevancy to the question under consideration. The *Whealan case* involved a proceeding to compel the payment of the salary of a deputy bailiff, withheld because he was compelled to take a vacation without pay. The action arose in Cook county. Sections 7 and 9 of article 10 of the constitution provide for a form of county government in Cook county, and a method of fixing salaries of its court officers different from that provided for the rest of the State, and the statute, (Ill. Rev. Stat. 1937, chap. 34, par. 64, subpar. 9,) applying to Cook county, expressly provides that salaries fixed by the board of commissioners prior to the adoption of the annual appropriation, shall not be changed during the year for which the appropriation is made. The sections of the constitution and the law referred to in the *Whealan case* have no application to DuPage county. It is interesting to note that in the later case of *People* v. *Whealan,* 356 Ill. 328, the ultimate relief demanded was denied because the claimant had not been appointed in the particular manner provided by statute.

The claim as to that part of plaintiff's demand involving the payment of $30 per month expense money by appellant, instead of an allowance of $50 per month claimed in the complaint, is not argued by either party and we would be justified in deeming that it was waived. However, the record shows that during the entire period covered by appellant's demand he made monthly claims for $30 per month for expenses, which were paid by the county board. There is one month for which $30 was not paid, the reason for the non-allowance not appearing in the record, but for twenty-one months thereafter the claim of $30 by appellant for expenses was made and allowed by the county board of DuPage county. It has been held that where one files a claim against a body politic, which is duly approved and allowed, and he accepts payment of the same, he is estopped from making any further claim for the same

services on which his claim was based, (*McHaney* v. *County of Marion*, 77 Ill. 488,) and this rule has been followed in other States. 15 Corpus Juris, 658; *Foy* v. *Westchester County*, 168 N. Y. 180, 68 N. E. 172.

The claim of appellant is without merit. Since the appellee has not urged its counter-claims, except in diminution of anything that might be allowed to the appellant, and has not assigned cross-errors asking for a judgment against appellant, we cannot consider the legal propositions advanced, which otherwise might have considerable merit.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*