(No. 25588.—

THE PEOPLE *ex rel.* James Smith *et al.* Appellees, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed June 14, 1940.*

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL, and SYDNEY R. DREBIN, of counsel,) for appellants.

JAMES W. BREEN, for appellees.

Mr. JUSTICE FARTHING ·delivered the opinion of the court:

Appellees, James Smith and James F. Lynch, filed their petition in the superior court of Cook county. They made the city council of the city of Chicago, the mayor, treasurer, comptroller and the clerk parties defendant, and prayed that a writ of *mandamus* be issued commanding defendants to pay relators their lawful salaries for the years 1932 and 1933. The defendants alleged in their answer that they had paid relators all they were entitled to and that they were under no duty to pay any further sum. The cause was heard before the court without a jury and the writ of *mandamus* was awarded as prayed. This appeal has been

perfected directly to this court, because there is involved a construction of section 11 of article 9 of the constitution, which provides that the salary of a municipal officer who is elected or appointed for a definite term of office shall not be increased or diminished during said term.

Appellees were appointed July 10, 1931, as members of the board of examiners of stationary engineers. By section 644 of the Revised Code of Chicago of May 27, 1931, all officers appointed by the mayor by and with the advice and consent of the city council whose terms of office are not otherwise expressly provided for by law shall hold their offices during a term of two years. Appellees admittedly were subject to this ordinance. The appropriation ordinance of 1931 provided the salary of president and member of the board of examiners of stationary engineers should be $4600 for that year, and the salary of first and second vice-presidents and members of the board $4300 for that year. The city council appropriated in 1932 and 1933 the sum of $3619.67 for the salary of president and member, and $3383.61 for the salaries of first and second vice-presidents and members of the board for those fiscal years. The fiscal year corresponds with the calendar year. Appellees claim that the city council had no power to decrease their salaries, because they had been appointed for two-year terms. Lynch claims that $1737.39 is due him and Smith claims $1461.54.

Appellants contend that appellees are not within the provisions of section 11 of article 9 of the constitution, which provides: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term." They say that this provision applies only where the term of office is fixed by the constitution or by statute; and that notwithstanding that the city council has attempted to fix the term, the appellees were still subject to removal at the pleasure of the appointing power. They rely on

*Morgan* v. *County of DuPage,* 371 Ill. 53, *Quernheim* v. *Asselmeier,* 296 id. 494, and *Parsons* v. *Breed,* 126 Ky. 579, 104 S. W. 766. In *Morgan* v. *County of DuPage, supra,* at page 56, we said: "Where an office is filled by appointment and a definite term is not fixed by constitutional or statutory provision, the office is held at the pleasure of the appointing power and the incumbent may be removed at any time." Section 2 of article 6 of the Cities and Villages act (Smith-Hurd Stat. 1931, chap. 24, par. 85) provided, in part: "The city council may, in its discretion, from time to time, by ordinance passed by a vote of two-thirds of all the aldermen elected, provide for the election by the legal voters of the city, or the appointment by the mayor, with the approval of the city council, of a city collector, a city marshal, a city superintendent of streets, a corporation counsel, a city comptroller, or any or either of them, and such other officers as may by said council be deemed necessary or expedient. The city council may, by a like vote, by ordinance or resolution, to take effect at the end of the next fiscal year, discontinue any office so created, and devolve the duties thereof on any other city officer; and no officer filling any such office so discontinued, shall have any claim against the city on account of his salary, after such discontinuance." Section 3 of article 6 of that act provided, in part: "The city council may, by ordinance not inconsistent with the provisions of this act, prescribe the duties and define the power of all such officers, together with the term of any such office: Provided, the term shall not exceed two years."

It was also provided in part 2 of section 3 of article 12 that "The compensation of all officers shall be by salary, as fixed in the annual appropriation bill by the city council, and the compensation of no officer shall be altered during the same fiscal year."

Excepting officers whose terms of office and salaries are fixed by statute, the legislature intended by the sections

quoted above, to stabilize the salaries of officers of cities and villages for only the fiscal year. The plain intention is that the offices may be abolished at the end of the fiscal year and, likewise, that such salaries may be changed for the succeeding year. The offices of appellees were created by an ordinance of the city of Chicago and not by a statute or the constitution of this State. The statute which empowered the city council to create the offices in question, and the whole legislative scheme as outlined above, are designed to permit the city council to determine what offices it will create, what it will abolish, and what the holders of those offices shall be paid on an annual basis. Appellees are correct in saying that the statute authorized the city to fix a two-year term for their offices, but the statue requires that in doing so the ordinance shall not be inconsistent with the provisions of the Cities and Villages act. The sections we have set out show that salaries of officers, such as appellees, may be increased or diminished each succeeding fiscal year, or, in the alternative, the offices may be abolished.

The case presented is not one involving an office for a definite term fixed either by the constitution or statute. What is involved is a term of office fixed at two years by the ordinance with a salary to be fixed and determined every year. The result is the same as if the office were created by statute for an indefinite term, with the exception that it cannot be abolished or a salary changed or made effective during a particular year. The cases of *Morgan* v. *County of Du-Page, supra,* and *Quernheim* v. *Asselmeier, supra,* are controlling. Appellees are not within the protection of the constitutional provision they rely upon, and the writ of *mandamus* was improvidently issued. In view of the conclusion reached we need not consider the defense of *laches.*

The judgment of the superior court of Cook county is reversed.
*Judgment reversed.*