(No. 25755.-)

THE PEOPLE *ex rel.* Irving Bielfeldt *et al.* Appellees, *vs.* JOSEPH GANNON, Mayor, *et al.* Appellants.

*Opinion filed February 14, 1941.*

CHRIS D. GREGORY, and SILVIO E. PIACENTI, (LEE W. CARRIER, of counsel,) for appellants.

McCARTHY & TOOMEY, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On February 19, 1940, relators, policemen and firemen of the city of Chicago Heights, filed a *mandamus* suit against that city and its officers in the circuit court of Cook county to compel payment of the difference between the wages plaintiffs had received from July 1, 1937, to April 15, 1939, and the amounts which the Policemen's and Firemen's Minimum Wage acts (Ill. Rev. Stat. 1937, chap. 24, par. 860a, *et seq.*) directed should have been paid. In their answer defendants questioned the constitutionality of the two acts. Thereafter, relators' motion for judgment on the pleadings was sustained, and the defendants appealed directly to this court on the theory that constitutional questions are involved.

In their points relied upon for reversal, the appellants claim that the Policemen's and Firemen's Minimum Wage

acts are unconstitutional because they create a corporate debt of the city of Chicago Heights in violation of section 10 of article 9, and because they are special legislation in contravention of section 22 of article 4, of our constitution. No other sections or articles of the constitution are referred to. The only material difference between the two acts is that one relates to policemen while the other involves firemen. In *People* v. *City of Springfield,* 370 Ill. 541, decided in 1939, it was held that the Firemen's Minimum Wage act, involved here, did not violate either of the constitutional provisions mentioned above. The attack there was the same as that made in the instant case. On October 11, 1940, while the appeal in this case was pending, this court passed on these same questions as to the Policemen's Minimum Wage act in *Littell* v. *City of Peoria,* 374 Ill. 344. While the latter case would not prevent this court from taking jurisdiction (*Spencer* v. *Chicago City Railway Co.* 366 Ill. 120) the *Springfield case* dealt with provisions of the Firemen's Minimum Wage act which are identical with those of the Policemen's Minimum Wage act and made the questions there presented, which are the same as the ones before us, no longer debatable. Where the court can see that the constitutional question raised is one which has been settled and is no longer debatable or in doubt, the court will not assume jurisdiction of a direct appeal merely to refer to the former decision. *Boylan* v. *Chicago Title and Trust Co.* 240 Ill. 413.

This cause is transferred to the Appellate Court for the First District.

*Cause transferred.*