(No. 26258.—

W. H. ANDERSON, Appellee, *vs.* THE CITY OF JACKSONVILLE, Appellant.—JOHN LAWRENCE BLUE, Appellee, *vs.* THE CITY OF JACKSONVILLE, Appellant.

*Opinion filed May 13, 1942.*

ALBERT W. HALL, City Attorney, E. W. CLEARY, and ORVILLE N. FOREMAN, for appellant.

EDWARD J. FLYNN, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

W. H. Anderson and John Lawrence Blue instituted separate suits in the circuit court of Morgan county against the city of Jacksonville, seeking to recover monies claimed to be due them under the provisions of the Policemen's Minimum Wage act. The amount for which recovery was

sought was the difference between the sums they had been paid and the minimum salaries provided for in the act. (Ill. Rev. Stat. 1941, chap. 24, sec. 11-2.) The two cases were consolidated in the circuit court, because they are admittedly identical and in that court each plaintiff recovered the sum of $1375.

The city has appealed and questions the constitutionality of the Policemen's Minimum Wage act. All of the constitutional questions raised by them, except one, have heretofore been decided by this court in *People* v. *City of Springfield*, 370 Ill. 541, *Littell* v. *City of Peoria*, 374 id. 344; *People ex rel. Gramlich* v. *City of Peoria*, id. 313, and in *Morgan* v. *City of Rockford*, 375 id. 326. In *People* v. *Gannon*, 375 Ill. 504, these questions were held no longer debatable and the cause was transferred to the Appellate Court.

The two questions not previously passed upon are a contention that the act in question attempts to increase the compensation of municipal officers appointed for a definite term of office during such term, in violation of section 11 of article IX of the constitution, and a further question, not involving the constitution, as to the validity of certain releases which appear to have been executed each month by each policeman at the time he was paid. The constitutional question gives us jurisdiction and we will therefore decide both points.

The first point is without merit because it has been definitely held by this court that where the term of an office is not fixed by a constitutional or statutory provision, it is held at the pleasure of the appointing power, and although that power has attempted to fix a definite term for the office, as in this case was done by ordinance, the constitutional provision above referred to does not apply and the salary may be raised, lowered or revoked by the proper authority. (*Quernheim* v. *Asselmeier*, 296 Ill. 494.) This holding was followed and reaffirmed in the recent case of *People* v. *City*

*of Chicago,* 374 Ill. 157, as it had also been in *Morgan* v. *County of DuPage,* 371 id. 53.

The releases above referred to, which were duly signed, sealed and delivered, and as to which one was signed for each month, were in the following language: "The undersigned officer or employee of the City of Jacksonville, Illinois, hereby acknowledges receipt of all sums due and owing to him from City for wages, salary or otherwise, down to and including the 15th day of January, 1938, and in consideration of such payment and the execution of a similar receipt and release by any or all other employees or officers of said City, the undersigned and each of them severally release the said City from any and all claims or demands of every nature which they and each of them may have had against the said City, down to and including the date above mentioned."

These releases were void, and this is true whether the policemen be called officers or employees. Compensation for the performance of the duties required of plaintiffs in this case cannot be made a matter for traffic, bidding or trade, and any contract to accept any other or different compensation than that provided by statute is contrary to public policy and void. (*Galpin* v. *City of Chicago,* 269 Ill. 27; *Pitsch* v. *Continental and Commercial National Bank,* 305 id. 265.) An examination of the releases, taken as a whole series, shows their true character, *i.e.,* a continuing agreement between the city and the policemen to evade the Policemen's Minimum Wage act. The legislature has fixed the minimum wage for policemen and this court has sustained the constitutionality of that act. The will of the legislature would be nullified or completely circumvented if a scheme so obvious as this were to be approved.

No other questions are presented which have not been previously decided, and for the reasons indicated the judgment of the circuit court of Morgan county will be affirmed.

*Judgment affirmed.*