(No. 31457— <span style="color:black"></span>

THE PEOPLE *ex rel.* Martin Ruesch, Appellant, *vs.* RICHARD F. HIRE *et al.,* Appellees.

*Opinion filed May 18, 1950—Rehearing denied September 18, 1950.*

J. E. BAIRSTOW, of Waukegan, (WILLIAM C. WINES, of Chicago, of counsel,) for appellant.

L. ERIC CAREY, of Zion, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Relator, Martin Ruesch, supervisor of Zion Township in Lake County, Illinois, appellant here, filed a petition for a writ of *mandamus* in the circuit court of that county June 9, 1949, against the board of town auditors of said town to require them to expunge from their minutes a motion reducing his salary as overseer of the poor from $4200 to $3000 per annum and to pay him the larger amount. Motion by appellees to strike the petition was denied as was also the motion of appellant to strike a portion of the answer of appellees. A replication and a rejoinder were also filed. After trial the court denied the writ and dismissed the petition. Because a construction of the State constitution is involved and also public revenue, the case is appealed directly to this court.

The main question is whether "overseer of the poor" is an office within section 11 of article IX of the Illinois constitution, which provides: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term."

Appellant was elected supervisor of the town of Zion on April 1, 1947, for a four-year term. The boundaries of the town of Zion and the city of Zion are coextensive. Appellant contends that his term began twenty days after his election (Ill. Rev. Stat. 1947, chap. 139, par. 60,) while appellees argue that his term began on the day he was elected. Appellees take the position there was no salary for the overseer of the poor lawfully fixed, because it could be fixed only at the annual meeting of the town board of auditors held March 25, 1947, (Ill. Rev. Stat. 1945, chap. 53, par. 55,) and that no action concerning the salary was taken at that meeting. The board adjourned that meeting until 10 P.M. the following day, and at the adjourned meeting the board again adjourned until April 3, 1947, at 10 P.M. At this meeting the poormaster's salary was set at $4200 per year.

Appellant argues that the action of April 3, 1947, was in fact taken at the annual meeting of March 25, 1947, which was merely adjourned from time to time until at the last of the adjourned meetings the salary was lawfully fixed, prior to the beginning of his term. He also says that upon his election and qualification as supervisor he became overseer of the poor by virtue of section 18 of the Pauper Act, (Ill. Rev. Stat. 1945, chap. 107, par. 18a,) while appellees contend that the overseer must be appointed by the county board by virtue of sections 4 and 5 of article 15 of the Township Organization Act. Ill. Rev. Stat. 1947, chap. 139, pars. 130 and 131.

It is also contended by appellees that the city council of the city of Zion was acting *ex officio* as the board of

town auditors of said town of Zion and as such would be required, in fixing the salary of the overseer of the poor to act upon a roll-call vote as provided by section 9-47 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1945, chap. 24, par. 9-47,) which was not taken. Another point raised by appellees is that the appellant did not qualify as overseer of the poor by giving bond as required by section 22 of the Pauper Act. Ill. Rev. Stat. 1947, chap. 107, par. 22.

The main ground of defense is that no such office as overseer of the poor existed. It will be seen that if there was no such office no other phase of the case would entitle appellant to the relief sought in this proceeding.

The statute relied upon by appellant and the one which is most in favor of his contention that the overseer of the poor is an officer within the said constitutional provision is section 18 of the Pauper Act, (Ill. Rev. Stat. 1945, chap. 107, par. 18a,) which says that the supervisor is *ex officio* overseer of the poor. The same section of the statute (Hurd's Stat. 1905, chap. 107, par. 18,) was before this court in *People ex rel. Biggs* v. *Smith,* 236 Ill. 64. The only difference in the section then and now is that in the 1905 statute the county board was authorized to appoint an overseer upon written request of the supervisors, whereas under the present statute the board of town auditors are given that authority. The decision in the *Smith case* (236 Ill. 64) had to do with the right of the supervisor to resume the duties of overseer of the poor after he had been relieved of them upon his written request and another appointed in his place during the life of the appointing board. In holding that the supervisor had the right and duty to resume the duties of overseer of the poor, the court, on page 67, says: "When appellee was elected and qualified as supervisor he became overseer of the poor by virtue of his election and qualification to that office. Overseer of the poor is not an office, but the duty of caring for the

poor is by law made one of the duties to be performed by the supervisor by virtue of his office as such supervisor. The statute providing for the relief of a supervisor, at his request, from the duties of overseer of the poor does not contemplate a resignation of an office but simply relief from certain duties. The office to which the duties of overseer of the poor attaches is that of supervisor, and the only duty of that office that the incumbent may be relieved of, upon his request, is that of overseer of the poor. Asking to be relieved of those duties is not a resignation of any office."

In *Anderson* v. *City of Jacksonville,* 380 Ill. 44, there were involved salaries under the Policemen's Minimum Wage Act. It was there contended that the act attempted to increase the compensation of municipal officers appointed for a definite term and it was claimed the act violated section 11 of article IX of the State constitution. Referring to that point, the court said: "The first point is without merit because it has been definitely held by this court that where the term of an office is not fixed by a constitutional or statutory provision, it is held at the pleasure of the appointing power, and although that power has attempted to fix a definite term for the office, as in this case was done by ordinance, the constitutional provision above referred to does not apply and the salary may be raised, lowered or revoked by the proper authority." To the same effect are *Quernheim* v. *Asselmeier,* 296 Ill. 494; *People ex rel. Smith* v. *City of Chicago,* 374 Ill. 157; *Morgan* v. *County of Du Page,* 371 Ill. 53.

Appellant does not point to any constitutional or statutory provision which creates the office of the overseer of the poor or fixes its term. So far as we are advised, this office was unknown to the common law. We said, in *Johnson* v. *Industrial Com.* 326 Ill. 553: "A public office can exist only by force of law, and it would be a misapplication

of terms to call one an officer who holds no office. While there is some authority to the contrary, the great weight of authority is to the effect that there can be no officer *de jure* or *de facto* where there is no office to fill." ( See, also, *Murphy* v. *Industrial Com.* 355 Ill. 419.) In *Krawiec* v. *Industrial Com.* 372 Ill. 560, where a policeman was held to be an employee and not an officer, it was said: "We cannot agree that because decedent took an oath of office, made a bond, was called an officer, or because his tenure was called 'term of office' he thereby became an 'officer' when no 'office' was actually in existence."

In *Morgan* v. *County of Du Page,* 371 Ill. 53, the question as to whether an assistant county superintendent of schools came within section 11 of article IX of our State constitution was involved. We held that the assistant county superintendent of schools was not included within the constitutional provision because where an office is filled by appointment and a definite term is not fixed by constitutional or statutory provisions, the office is held at the pleasure of the appointing power and the incumbent may be removed at any time. We there said: "Where neither the statute nor the constitution fixes the term of the office, the appointee holds at the pleasure of the appointing power, although the appointing power attempted to fix a definite term." To the same effect is *People* v. *City of Chicago,* 374 Ill. 157.

We hold that "overseer of the poor" is not an "office" and that one discharging the duties of overseer is not an "officer" within the provisions of section 11 of article IX of the State constitution. In view of this holding, it is not necessary to pass upon any other point in the case. The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*