(No. 43119.—

IRVING LEVIN, Appellee, v. THE CIVIL SERVICE COMMISSION OF COOK COUNTY *et al.*, Appellants.

*Opinion filed May 22, 1972.—Rehearing denied September 29, 1972.*

EDWARD V. HANRAHAN, State's Attorney, of Chicago (DANIEL P. COMAN, of counsel), for appellant.

SCHIPPERS, BETAR, LAMENDELLA & O'BRIEN, of Chicago (DAVID P. SCHIPPERS, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Cook County directing the issuance of a permanent injunction restraining the Civil Service Commission of Cook County from holding civil service examinations for certain positions in the office of county assessor of Cook County and restraining the Cook County assessor and the president of the Board of Commissioners of Cook County from the performance of certain acts.

The plaintiff filed his complaint on behalf of himself as an employee of the Cook County assessor's office and on behalf of a class composed of the clerical help and deputies employed by the Cook County assessor's office except the chief deputy assessor. It is alleged that a civil service· examination has been announced covering the positions of Clerk I, Clerk II and Typist II in the office of the Cook County assessor. Plaintiff seeks an injunction prohibiting the holding of a civil service examination for any position in the Cook County assessor's office; restraining the president of the Board of Commissioners of Cook County from taking any action to create any vacancies in or make any appointments to positions in the Cook County assessor's office and restraining the Cook County assessor from notifying the president of the county board or the Civil Service Commission of any positions to be filled pursuant to the civil service statute or appointing

anyone to a position in the assessor's office pursuant to the law in relation to civil service. The complaint also seeks a declaratory judgment that the civil service statute relating to Cook County is unconstitutional. The statutory provisions involved are those relating to Cook County officers and employees. Ill.Rev.Stat. 1969, ch. 34, pars. 1101 through 1141.

Leave was granted to the Attorney General of Illinois to intervene as a party defendant and leave was also granted to certain persons to intervene as representatives of a class of persons who are employed under the Cook County civil service statute.

The statute in question contains the following provisions. Section 61.18 (Ill.Rev.Stat. 1969, ch. 34, par. 1105) provides for the appointment of the civil service commissioners for Cook County. Section 61.20 (par. 1107) provides that the commissioners shall classify all the offices and places of employment in the county (with certain exceptions) and provides further: "The offices and places so classified by the Commission shall constitute the classified Civil Service of said county and *no appointments to any of such offices or places or removals therefrom shall be made except under and according to the rules hereinafter mentioned.*" (Emphasis supplied.)

Section 61.21 (par. 1108) authorizes the Commission to make rules to carry out the purposes of the Act. Section 61.23 (par. 1110) provides for the giving of examinations by the Commission. Section 61.25 (par. 1112) provides that the Commission shall make a register for each class of positions of persons whose general average standings upon the examination for such class are not less than the minimum fixed by rules and who are otherwise eligible. This paragraph further provides that such persons shall take the rank upon the register as candidates in the order of their relative excellence as determined by the examination.

Section 61.27 (par. 1114) provides for appointments

to classified service and states that when a classified position is to be filled the president of the county board and said Commission shall be notified and the Commission shall certify to the appointing officer the name of the candidate standing highest on the register for the class or grade of such position and provides that the appointing officer *shall* fill such position by the appointment of the person certified by the Commission.

The office of Cook County assessor was created by the Illinois General Assembly and came into existence on February 13, 1932, to replace the five-man Board of Assessors (Smith-Hurd Stat. 1933, ch. 120, par. 282). Section 6 of the Revenue Act of 1939 (Ill.Rev.Stat. 1969, ch. 120, par. 487) now provides: "*** Such county assessor may also employ such other clerical help and deputies as may be necessary, each one of whom *** *shall be appointed by the county assessor in accordance with the terms and provisions of the law in relation to civil service ***."* (Emphasis supplied.)

Under the rules of the Civil Service Commission, if a vacancy occurs in a classified position the following is the general procedure for the filling of the same. Notice of the vacancy is given to the Civil Service Commission which then certifies to the appointing power the name of a person eligible for such position from the eligibility register. If there are no persons on the eligibility register qualified for the position in which the vacancy occurs then the Commission may grant authority to the appointing officer to make a temporary appointment. However, within 30 days thereafter the Civil Service Commission must conduct an examination for this position, thereby establishing an eligibility list from which the position held by the temporary appointee may be filled.

In spite of the provisions of the above statutes and the rules of the Civil Service Commission, the evidence produced at the hearing shows that no civil service examination has been conducted for the positions held by

the members of the plaintiff's class for 32 years. In 1967 the Civil Service Commission announced the giving of an examination for certain positions in the assessor's office. However, the circuit court of Cook County issued an injunction restraining the holding of the examinations. The appellate court reversed without deciding the merits of the case because the injunction had been issued in violation of the mandatory provision concerning bonds then contained in the injunction statute. (Ill.Rev.Stat. 1967, ch. 69, par. 9; see *Belpedio v. Civil Service Com., 108 Ill.App.2d 131.*) The opinion in *Belpedio* was filed on April 2, 1969, and on August 27, 1969, the Civil Service Commission announced the examinations here in question. The complaint in this case to enjoin the holding of such examinations was filed on September 17, 1969.

The plaintiff is 72 years old and was appointed as a temporary employee in the assessor's office pursuant to authority granted to the appointing power by the Civil Service Commission as provided in its rules referred to above. The same is true as to the appointment of other members of the class. There are five members of the class serving in Typist II positions, seven serving in Clerk I positions, and 79 in Clerk II positions. The shortest period of time that any member of the class has served under such appointment as a temporary employee is one year and the longest period of time thus served is 28 years. Plaintiff has served under such appointment in a Clerk II position for two years.

Following the hearing the court issued the injunction prayed and declared the civil service statute and rules of the Civil Service Commission as applied to the class of persons represented in this case unconstitutional as depriving the members of the class of property without due process of law. With this conclusion we do not agree.

Plaintiff in this court contends that a person, including a public employee, has a right to follow his chosen profession or occupation and that this right to work falls

within the concept of property protected by the due process clauses of the State and Federal constitutions. With this contention we have no dispute. This court has long held that the right to work is a property right. *(Frorer v. People, 141 Ill. 171; Braceville Coal Co. v. People, 147 Ill. 66; Ritchie v. People, 155 Ill. 98; Mallin v. Wenham, 209 Ill. 252; Massie v. Cessna, 239 Ill. 352.)* It does not follow however that the right to work at a chosen occupation carries with it the right to a particular employment or position.

As to the status of a public employee, this court has held that a person has no property right in public employment. *(People ex rel. Akin v. Kipley, 171 Ill. 44, 77; People ex rel. Akin v. Loeffler, 175 Ill. 585, 606; Elder v. Mall, 350 Ill. 538, 542.)* This court has likewise held that a public employee has no property right in public employment which falls within the protection of the due-process clause of either the State or Federal constitution. *Pickus v. Board of Education, 9 Ill.2d 599, 606; Jordan v. Metropolitan Sanitary Dist., 15 Ill.2d 369.*

The plaintiff and the class he represents are public employees working for the office of Cook County assessor and receiving their compensation from Cook County. They have no vested right in the expectation of the continuance of this compensation. *(Jordan v. Metropolitan Sanitary Dist.; People ex rel. Reilly v. City of Chicago, 337 Ill. 100, 104.)* When the members of this class were employed, they were employed as temporary employees and were not hired for any fixed term. In the absence of a fixed term of office created by the constitution or by statute, the public employee holds his position at the pleasure of the appointing power and he may be removed at any time. *Quernheim v. Asselmeier, 296 Ill. 494, 498; Morgan v. County of Du Page, 371 Ill. 53; Anderson v. City of Jacksonville, 380 Ill. 44, 45; People ex rel. Ruesch v. Hire, 406 Ill. 341, 345.*

Having no vested property right in the positions they

hold nor in the expectation of the continued compensation therefrom, the plaintiff and his class have not, we conclude, been deprived of property without due process of law in violation of the State and Federal constitutions.

The legislature created the office of Assessor of Cook County and authorized this officer to employ necessary help. It therefore follows, in the absence of a constitutional limitation, that the legislature, having created the office and provided for the employment of help, may prescribe the manner in which this help is to be chosen. This it did by providing that the employees be appointed in accordance with the provision of the civil service statute. Ill.Rev.Stat. 1969, ch. 120, par. 487; see *People v. Kipley; People v. Loeffler; People ex rel. Gullett v. McCullough,* 254 Ill. 9, 16; *People ex rel. Vanderburg v. Brady,* 275 Ill. 261, 263.

The legislature authorized the Civil Service Commission to make rules concerning the appointment and removal of employees in accordance with the provision of the Act. (Ill.Rev.Stat. 1969, ch. 34, par. 1108.) The rules thus promulgated authorize the appointment of temporary employees. However, the temporary employee is to hold this position only until an examination is given and a register of eligible applicants is established. No fair reading of the statute or the rules can lead to the conclusion that the temporary appointee is intended to hold his position for an extended period of time.

The trial court in its memorandum noted that in certain licensing statutes "grandfather clauses" are contained which "blanket in" those who are employees on the effective date of the statute. The trial court held that the same reasoning should apply to the members of plaintiff's class. The situation we are now considering is not analogous to those referred to by the trial judge. All of the members of the plaintiff's class commenced their employment in the assessor's office long after the Civil Service Act was made applicable to employment in that office. We

deem it a matter of legislative prerogative to determine whether those who have served as temporary employees for extended periods since that date should be given any preferential status of employment.

Plaintiff contends that if he and the members of his class are discharged they will have been unconstitutionally deprived of property rights which they have in the Cook County Employees' and Officers' Annuity and Benefit Fund. In *Jordan v. Metropolitan Sanitary District,* this court considered a statute that required compulsory retirement at age 67 of certain employees who had attained civil service status. This court stated: "Civil service status is not a vested right and pensions or annuity benefits expectant upon such status are not vested property rights." (15 Ill.2d at 382.) We hold that the same rule applies to those employees who have not achieved civil service status and that the members of the plaintiff's class by being deprived, by the termination of their employment, of expectant benefits from the annuity and benefit fund are not deprived of vested property rights.

Plaintiff contends however that the denial of property rights rests also upon assumed loss of contributions which the members of the class have made to the fund. The County Employees' and Officers' Annuity and Benefit Fund has been created under the authority of article 9 of the Illinois Pension Code (Ill.Rev.Stat. 1969, ch. 108½, par. 9—101 *et seq.*) The plaintiff was more than 65 years old when he was employed by the assessor's office. Section 9—120 of the Code specifically excludes from the operation of the Code those who are 65 years old when entering employment. Plaintiff has not shown that he has made any contributions to the fund. Under the provisions of this section he would not have been authorized to make such contributions. He has therefore not shown that any such contributions will be lost if he is separated from his employment.

As to the other members of the class who may have

made contributions, aside from the bare assertion that these contributions will be lost to them, nothing in the record indicates that this will be true. Our analysis of the statute leads to a contrary conclusion. The Act does not except from its application temporary employees. (Par. 9—108.) The remaining sections of article 9 of the Code, in summary, provide that upon meeting certain age and length of service requirements an employee will acquire benefit rights in the fund or a right to the refund of the amounts which he has contributed. A temporary employee will therefore suffer no loss of his contributions made to the fund.

Plaintiff further contends that the doctrine of equitable estoppel should apply to the facts in this case to prevent an injustice to the members of the class. Whether the principle of estoppel is sought to be applied against a public body as in this case or against a private individual, the one claiming the benefit of the principle must have relied upon the actions or representations of the other and must have had no knowledge or convenient means of knowing the true facts. *(Hickey v. Illinois Central R.R. Co., 35 Ill.2d 427, 447; Dill v. Widman, 413 Ill. 448, 456.)* Plaintiff now claims that the members of his class will be injured as a result of their reliance upon the conduct of the defendants. There is no evidence that any member of the class changed his position or did anything to his detriment in reliance upon any action or failure to act by the defendants. The statute plainly provides that appointments to the positions in the assessor's office shall be made in accordance with the Civil Service Act. The rules of the Civil Service Commission provide for the appointments of temporary employees and for the limitations on such appointments. Both the statute and the rules provided a convenient means of ascertaining the authority of the appointing power. Section 61.22 (Ill.Rev.Stat. 1969, ch. 34, par. 1109) provides for the publication and distribution of the rules of the Civil Service Commission. By the

use of reasonable diligence the members of the class could have ascertained the extent of the authority of the appointing officer and the limitations of their employment. There is no. evidence that they consulted or attempted to consult the statutes and the rules to gain this information or that they were dissuaded from doing so. Accordingly, they are not entitled to relief by way of equitable estoppel. (*Cities Service Oil Co. v. City of Des Plaines, 21 Ill.2d 157, 163; City of Chicago v. Miller, 27 Ill.2d 211, 215;* 31 C.J.S., Estoppel, sec. 138.) In view of the plaintiff's failure to establish these essential elements, it is unnecessary for the court to discuss the general principle of the immunity of public bodies from the application of the doctrine of equitable estoppel and the various exceptions thereto. This principle and the exceptions were analyzed at length by this court in *Hickey* and in *City of Quincy v. Sturhahn, 18 Ill.2d 604.*

The order of the circuit court of Cook County directing the issuance of an injunction was error. The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*