(No. 11725.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Irwin F. Coultas, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1917.*

1. TAXES—*compensation of county treasurer includes services as ex-officio county assessor.* In counties not under township organization, where the county treasurer is made *ex-officio* county assessor, the statute does not create a new office but only adds new duties to the office of treasurer, and his compensation as county treasurer fixed by the county board includes payment for his services as *ex-officio* county assessor.

2. SAME—*what does not authorize amendment of record to show approval of road tax levies by county board.* A paper found among the files in the county clerk's office reciting the approval by the board of county commissioners of the highway commissioners' certificates of levy for road and bridge taxes but which is not signed and is not contained in the record of the September meeting does not authorize an amendment of the record at a subsequent meeting, when only one of the commissioners present was a member of the board in September.

3. SAME—*county collector not required to show compliance with statute authorizing levy of levee tax.* On application for judgment for a levee tax levied by ordinance under the statute authorizing such levy in cities and villages subject to overflow, the county collector is not required to prove, in the first instance, that all the antecedent steps were taken to authorize the ordinance and the extension of the tax.

4. SAME—*burden is on property owner to show irregularities in levy of tax.* On application for judgment for delinquent taxes it will be presumed that the officers charged with levying the tax did their duty, and if any failure in that regard invalidates the tax or affords a reason why judgment should not be rendered it is the duty of the objector to show it.

COOKE, DUNN and CRAIG, JJ., dissenting.

APPEAL from the County Court of Scott county; the Hon. FRANKLIN C. FUNK, Judge, presiding.

BELLATTI, BELLATTI & MORIARTY, for appellant.

T. J. PRIEST, State's Attorney, and J. M. RIGGS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Scott county overruling appellant's objections to certain taxes and rendering judgment against appellant's property for said taxes.

The first objection is to a part of the county tax. Scott county is not under township organization. The county commissioners levied a tax of $3500 to pay the salaries of county officers whose salaries are required by law to be paid by the county. It was conceded that $1800 was properly levied to pay the salaries of the county judge and the State's attorney, and the objection was to $1700 of that levy. It is now conceded that $1200 of the amount objected to was properly levied to pay the salary of the county superintendent of highways, and it is claimed that the excess of the levy was $500. That sum appears to have been levied to pay the salary of the county assessor, and, as we understand it, the levy was sustained upon the theory the levy for that purpose was valid. Paragraph 295 of chapter 120 (Hurd's Stat. 1916, p. 2214,) provides that in counties not under township organization the county treasurer shall be *ex-officio* county assessor, and in counties of the population of Scott county shall receive as compensation for his services as county assessor $500 per annum. Paragraph 296 of said chapter 120 provides that in counties under township organization of less than 45,000 inhabitants the county treasurer shall be *ex-officio* supervisor of assessments and shall receive as compensation for his services as supervisor of assessments $500 per annum. We held in *Allen* v. *United States Fidelity Co.* 269 Ill. 234, and cases cited in the opinion in that case, that making the county treasurer *ex-officio* supervisor of assessments did not create a new office but only added new duties to the office of county treasurer, and that the compensation of the county treasurer fixed by the county board included payment for his services as *ex-officio* supervisor of assessments. If that

is correct as to counties under township organization it would seem to necessarily follow that it must be the same with county treasurers who are *ex-officio* county assessors in counties not under township organization.  To the extent, therefore, of $500 the levy to pay the salaries of county officers was invalid, and the court should have sustained appellant's objection to that portion of the tax extended against its property.

One objection which applied to all the road and bridge taxes in districts 6, 7, 8 and 9 was, that the county board of commissioners did not approve the levy made for road and bridge purposes at its September, 1916, meeting.  Appellant offered in evidence the record of the meeting of the board held in September, 1916, which nowhere showed any action of the board with reference to the presentation or approval of the tax levy certificates of the various road districts in the county.  Appellee offered in evidence the record of a resolution adopted by the board of county commissioners at a meeting in May, 1917, which recited that at the September meeting, 1916, of said board certificates of tax levies of all the road districts in the county (specifying them by numbers and the amount levied in each district and which had been filed with the county clerk) were presented to the board of county commissioners for approval; that they were examined and found correct, approved by the board and the clerk ordered to extend the tax according to the certificates in the respective road districts.  The resolution further stated that the county clerk had omitted to show on his record that the certificates had been presented to and approved by the board at its September, 1916, meeting, "and it is now shown to said board of county commissioners that such action was then had and taken at said September, 1916, meeting by the county commissioners of said county," and it was therefore resolved that the record of the September, 1916, meeting of the board be amended to show said action was then taken by said board.

A daughter of the county clerk, called by appellee, testified she was deputy county clerk. She was shown a paper marked Exhibit 1, which is in words and figures as follows:

"Ordered by the county board of county commissioners of Scott county and State of Illinois, that the highway commissioners' certificate of road and bridge tax in the different road districts in the county of Scott be and the same is hereby approved by the county commissioners of Scott county as they appear on file in the county clerk's office.

"Filed September 22, A. D. 1916."

She testified the paper was written by her but that she could not state when; that it must have been on the date of the filing; that she must have written it in the office for the commissioners to sign; she thought Mr. Watt, the chairman, saw it; that her father had her write it; that she did not attend the meeting of the board in September, 1916, nor make up the record of that meeting; that she did not deliver the certificates filed by the highway commissioners and knew nothing about that. The paper above set out was prepared by her at the instance of her father. No member of the county board said anything to her about it. She could not remember the date it was prepared. The file-mark on the paper was in her handwriting and was September 22, 1916. The witness copied the paper from a slip handed her by her father. It was not signed by anybody. The original paper was thrown in the waste basket. It was not shown when it was made further than may be inferred from the file-mark, what it was made for or that it was made by authority of the county commissioners. The deputy county clerk testified she made it by direction of her father, who was county clerk.

The county clerk testified, on direct examination, that he presented the certificates of levy to the county board at its 1916 meeting, and that they were considered and approved. On cross-examination he testified that there was no resolution passed on the subject that he knew of; that he presented the certificates of levy and certificates of levy

of other taxes by various municipalities, and the certificates of levies for other than road and bridge taxes were approved over the certificate of the chairman of the board. None of the road district levies bore any indorsement of presentation and approval by the chairman or any other member of the board. The witness said he did not know how the paper offered in evidence as Exhibit 1 came to be prepared; that he could not say whether it was prepared from a paper adopted at a prior meeting so that he could have it to present at the September meeting; that he thought there was no resolution approving the road tax levies at the September meeting. He testified the chairman of the board "just shoved them [the certificates] back and said, 'There ain't no room on there,' and just shoved them back and said, 'Go on and extend the levies; they are all right;' that was all there was to it."

At the time the resolution amending the record of the September, 1916, meeting was adopted, May 26, 1917, only one member of the board of county commissioners was a member of the board who was a member at the time of the September, 1916, meeting. The resolution recites that the president of the board, who was not a member in May, 1917, and Charles E. Thady, who was a member in 1916 and also when the resolution was adopted, were present at the meeting of the board in September, 1916, when the certificates of levy were passed upon and approved. The other two members of the board at the time the resolution was adopted were not members in September, 1916. The only evidence preserved in the record to show upon what authority the board in May, 1917, two members of which were not members of the board in 1916, amended the record of 1916 to show the facts recited in the resolution, was the paper Exhibit 1, and we are of opinion that paper was not shown by the evidence to have been made in such a way as to authorize amending the record. It was not signed by any member of the board, and the proof does not show

it was made by authority of the board or that it correctly states the action of the board. If a majority of the board in 1917 had been members of said board in 1916, and knew of their own knowledge that the certificates had been presented to and approved by them but that the clerk had failed to so record it in the record, it may be no showing would be required to authorize them to amend the record to speak the truth; but two of the three members who authorized the amendment were not members of the board in September, 1916, and could not know officially that such action was taken at said September meeting. If the application to amend had been made to the court during the trial, in our opinion the showing must have been considered insufficient to authorize the amendment. According to the testimony of the county clerk the certificates were not approved by the board in September, 1916. It is true he states his conclusion that they were approved, but when he proceeds to tell what the action of the board upon them was, it shows they were not approved. As we understand the record, the paper called Exhibit 1 was relied upon by the appellee as the authority for the board to make the amendment at the meeting in May, 1917, and for the reasons stated that paper, which was not in the record of the proceedings of the board at the September meeting but was, as we understand it, a loose paper in the files in the county clerk's office, was not sufficient to authorize the amendment, considered in connection with the testimony of the county clerk and his deputy who made the paper.

The village of Naples, situate on the bank of the Illinois river, passed a levy ordinance for the levy of a tax of $594 for village purposes, which made a rate of $1.20 on the $100 assessed valuation. The ordinance also made a further levy of $325 as a levee tax, appropriated for the current year to pay one of the anticipation warrants next to become due which had been issued by the village. The ordinance recited the levy was a portion of the total levee

tax of $2274 heretofore provided for by the village under and by virtue of an act of the General Assembly entitled "An act to enable cities, villages and towns threatened with overflows or inundations to levy taxes by vote of the electors thereof in excess of two per cent to strengthen, build, raise or repair the levees around same and to issue anticipation warrants on such taxes," approved June 11, 1897, in force July 1, 1897. The ordinance further recited that the total sum of $2274 was to be collected in seven equal annual installments, but in no event was to exceed one percentum of the taxable value of the property in said village in any one of the said consecutive years. A copy of this ordinance was filed with the county clerk and upon its authority he extended the levee tax. The amount of that tax for which judgment was asked against the appellant's property was $101.88. The objection to that tax is that it was extended solely upon the authority of the ordinance, and that it was not shown by appellee that the provisions of the statute under which the ordinance was passed and the levy made had been complied with to authorize the levy of the tax. Appellee made a *prima facie* case. (*Moore* v. *People,* 123 Ill. 645; *Scott* v. *People,* 142 id. 291.) Appellant offered no evidence upon this question. It was not incumbent upon appellee to prove, in the first instance, that all the antecedent steps had been taken to authorize the levee ordinance and the extension of the tax. It will be presumed in such cases that the officers charged with levying a tax did their duty, and if any failure in that regard invalidates the tax or affords a reason why judgment should not be rendered, it is the duty of the property owner to show it. *Durham* v. *People,* 67 Ill. 414; *Carrington* v. *People,* 195 id. 484; *People* v. *Waller,* 278 id. 132.

The judgment as to the levee tax for the village of Naples is affirmed, but the judgment is reversed as to the proportion of the excess of $500 taxed against appellant's property to pay county officers' salaries and is also reversed

as to all the road and bridge taxes, and the cause is remanded to the county court for further proceedings in conformity with the views expressed in this opinion.

*Reversed in part and remanded.*

Cooke, Dunn and Craig, JJ., dissenting:

We do not concur in the conclusion reached as to the right of the county commissioners to amend their records in reference to the approval of the tax levies of road districts Nos. 6, 7, 8 and 9.