EMERY N. EATON & a. v. RALPH O. BRAGG.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the plaintiffs.

*Samuel Levy* and *David Strater* of Maine (*Mr. Strater* orally), for the defendant.

BLANDIN, J. The basic question is whether the vote of the town to merge the offices of tax collector and town clerk is legal. We believe it is not. Towns have only the powers which the state grants them. *Amyot* v. *Caron*, 88 N. H. 394, and authorities cited; 62 C. J. S., Municipal Corporations, ss. 107, 115. While there is nothing to prevent the election of the same person to the separate offices of tax collector and town clerk, neither our Constitution nor statutes indicate that authority. has been given to towns to merge these two offices which the Legislature has kept separate and for which it has prescribed widely different functions. R. L., c. 59, s. 16, provides for the removal of a tax collector by the selectmen; s. 34 for his removal by the Tax Commission and section 44 states that no person shall "be compelled to serve as collector in any case." No such provisions appear regarding town clerks. R. L., c. 59, s. 41, provides that various officers including tax collectors "shall *severally* perform the duties prescribed by law." (Italics supplied). It seems unnecessary to multiply examples of the radical distinctions established by law between the two positions.

In 1947 when it was deemed proper to permit a merger of the offices of tax collector and town manager it was considered necessary to pass a special statute authorizing such action. Laws 1947, c. 236, s. 3. Had it been thought this power existed this law would have been unnecessary.

It appears the town seeks to alter substantially the nature of each office under consideration here by adding to it the duties of the other—duties so onerous in the case of the tax collector that the Legislature prescribed that no one should assume them against his will. This cannot be done. *Cf. Coleman* v. *District*, 87 N. H. 465, 470. Neither in R. L., *c.* 59, *s.* 41, permitting a town to choose officers "necessary for managing its affairs," or elsewhere is there authority to create in effect new offices in place of those designated by statute. See *Attorney General* v. *Lowell*, 67 N. H. 198, 199. It appears the attempted merger is invalid and the order is

*Judgment for the plaintiff.*

All concurred.