FRED M. DUMKE *et al.,* Plaintiffs-Appellees, *v.* LESTER E. ANDERSON *et al.,* Defendants-Appellants.

First District (5th Division)    No. 76-441

Opinion filed December 3, 1976.

Klein, Thorpe, Kasson & Jenkins, of Chicago (Arthur C. Thorpe, of counsel), for appellants.

Gierach, Stambulis & Schussler, Ltd., of Chicago (Will Gierach and James E. Gierach, of counsel), for appellees.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Fred Dumke as village president and Ernest Kolb as village clerk sought both declaratory and injunctive relief in an action brought in the

name of the Village of Oak Lawn to prevent the abolition of the office of village collector or the reduction of its salary.

The facts pertinent to this appeal are as follows: The Village of Oak Lawn is a home-rule municipality with the village manager system of government. It has an elected president, clerk, and six-member board of trustees.

On May 10, 1966, acting under the statutory authority conferred by section 3—8—3 of the Illinois Municipal Code (Ill. Rev. Stat. 1965, ch. 24, par. 3—8—3),[1] the Village Board adopted Ordinance No. 67—1—3 as an amendment to article VI of the Oak Lawn Village Code.[2] That ordinance reads:

> "Sec. 2—2115. Offices Combined.
>
>> Pursuant to the authority vested unto the village by the Illinois Revised Statutes, Chapter 24, Section 3—8—3, providing that where the village collector is appointed, the village clerk may hold said office of village collector, it is hereby made and provided for that the village clerk shall hold the office of village collector."

Plaintiff Ernest F. Kolb was elected to the office of clerk in 1969 and re-elected in April 1973 to a four-year term expiring April 30, 1977. Upon his election, Kolb executed his official oath to faithfully discharge the duties of the "Office of Village Clerk-Collector," and received his "Official Commission" evidencing his election to the "Office of Village Clerk-Collector for the term from April 24, 1973 to April 30, 1977." Kolb also furnished a public official bond.[3] The annual salary established in the 1975 municipal budget for the office of village clerk included $4,500 as village clerk and $18,120 as village collector. He has received both salaries.

On November 24, 1975, the defendant Board moved to amend the budget ordinance by reducing the salary of the "Collector" to $1 per year, and instructed the village attorney on December 9, 1975, to prepare an ordinance abolishing the "office of Collector" effective December 31, 1975, the end of the fiscal year. Plaintiffs then instituted this action.

The trial court granted plaintiffs' motion for summary judgment, finding that Kolb was elected to the combined "Office of Clerk-Collector" of Oak Lawn for a term of four years to expire April 30, 1977. The court declared that the attempt of the Village Board to reduce the salary of

---

[1] Section 3—8—3 provides:
"If, in any village a village collector is appointed, the village board may provide by ordinance that the village clerk shall hold the office of village collector."

[2] Article VI of the Village Code is presently entitled, "Clerk-Collector."

[3] The Oak Lawn Village Code, article VI, "Clerk-Collector," provides:
"Sec. 2—116. Bond.
Before entering upon the duties of the office of village clerk-collector, the clerk-collector shall execute a bond with security payable to the village in the penal sum of five thousand dollars ($5,000.00), conditioned upon the faithful performance of the duties of the office and the payment of all money received

Kolb for the "Office of Collector" to $1 per year was null and void, that the proposed ordinance to abolish the "Office of Collector" effective at the end of the current fiscal year, December 31, 1975, was null and void, and that the combined "Office of Clerk-Collector" could not be separated until the expiration of the incumbent's term of office. The court also enjoined defendants from abolishing the "office of Collector," or of reducing its salary until the expiration of the incumbent's term of office. Finally, the court assessed plaintiffs' costs and attorney's fees individually against defendant trustees.[4] It is from this decree that defendants appeal.

Subsequent to the entry of the preliminary injunction by the trial court, at the regular meeting of the Village Board on December 16, 1975, defendants, who were the Village trustees, passed the 1976 Municipal Budget Ordinance, "subject to the following amendments as directed by Court Order. The Village President's salary and [sic] Liquor Commissioner be restored to $12,005.00 plus $7,995.00 for a total of $20,000.00; also, as directed by the Court, the Village Clerk-Collector's salary be maintained at $22,620.00."[5] The trustees also tabled a proposed ordinance to abolish the "Office of Village Collector."

Three issues are presented to us for review—whether the salary of Kolb as collector may be reduced to $1 per year, whether the village board of trustees may abolish the office of collector effective at the end of the fiscal year, and whether the trial court properly taxed attorney's fees against the individual defendant trustees.

OPINION

The Illinois Constitution and the Illinois Revised Statutes prevent the reduction of an incumbent's salary during his term of office under certain circumstances. Article VII, section 9(b), of the Illinois Constitution provides:

"An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected."

Section 3—13—1 of the Illinois Municipal Code provides, in part:

"All municipal officers, except as otherwise provided, shall receive the salary, fees, or other compensation that is fixed by ordinance. After they are once fixed, these salaries, fees, or other

by the collector, according to law and the ordinances of the village. Ord. No. 67—1—3, Sec. 2, 5—10—66."

[4] Trustees Anderson, Cleveland, Hardek, O'Connell and Bacon voted in favor of the ordinance to reduce the collector's salary to $1 per year. Trustee Vogrich voted in the negative. Apparently for this reason, Vogrich was not included in the order assessing costs and attorney's fees.

[5] The action of the board in restoring the salary of the village president was taken pursuant to an order of the Circuit Court later appealed to this court as case No. 76-339, *Dumke v. Anderson,* and transferred to the Supreme Court, where the order was affirmed *sub. nom. Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144. The significance of that case will appear more fully below.

compensation shall not be increased or diminished, so as to take effect during the term of any elected municipal officer. The salaries, fees or other compensation of any appointed municipal officer, not including those appointed to fill vacancies in elective offices, may be increased but not diminished so as to take effect during the term for which such officer was appointed * * *." Ill. Rev. Stat. 1975, ch. 24, par. 3—13—1.

■■ The purpose of this prohibition against legislative interference with official salaries was well expressed in *People ex rel. Holdom v. Sweitzer* (1917), 280 Ill. 436, 442, 17 N.E. 625:

"The theory of the framers of the constitution was to make the three branches of government, the legislative, executive and judicial, separate and independent of each other, as far as possible. * * * The acts of the officers of each branch, while such officers are in power, should not be made to depend upon or be influenced by the acts of another branch, nor should there be anything in the conduct of either that would even give rise a suspicion of such a thing as coercion by reducing salaries or a reciprocal interchange of favors by increasing salaries * * *."

Plaintiffs' theory is that, as the elective office of clerk and the appointive office of collector were combined into one office of clerk-collector to which Kolb was elected, any reduction in its salary falls within the constitutional and statutory prohibition. It is conceded that if the offices *were* combined, the constitutional prohibition would apply. However, defendants argue that the two offices were not, and could not have been combined under the authority granted to the village board by statute or the Constitution.

The ordinance of May 10, 1966, providing that "the clerk shall hold the office of collector" was captioned "Offices Combined" in the Oak Lawn Village Code. Other ordinances adopted by the Village board make reference to a combined office of clerk-collector.[6] When Kolb was elected to his present term of office, he received a commission reciting that he had been elected to the office of "Clerk-Collector" and his official oath was executed for the office of "Clerk-Collector."[7] It is clear, then, that the Village of Oak Lawn intended to create a combined office of village clerk-collector, and that Kolb was elected to that office. It remains to be decided whether the Village in fact had the authority to create such a combined office, and whether they succeeded in validly exercising it.

---

[6] "Sec. 2—117. Hours required; salary.
The clerk-collector shall devote at least forty (40) hours per week in the performance of his official duties, and shall be compensated for such duties with a salary as prescribed by the president and board of trustees." See also Note 3, above.

[7] On oral argument we inquired whether the ballots at the village election described the office as "Clerk-collector." This fact does not appear in the record, and counsel were unable to enlighten us further.

The purported combination of the elective office of clerk and the appointive office of collector was effected pursuant to section 3—8—3 of the Illinois Municipal Code, set forth above. Ill. Rev. Stat. 1975, ch. 24, par. 3—8—3.

■■ We are of the opinion that section 3—8—3 did not give the village board the authority to combine the offices of clerk and collector. Nowhere in the statutes is there reference to a combined office of clerk-collector. Nowhere is there any specific grant of authority providing for a combination of the two offices. Indeed, section 3—13—11 of the Illinois Municipal Code, amended in 1971, *after* section 3—8—3 was last amended in 1965 makes continued reference to *separate* offices:

> "In municipalities where the same person holds the *elective office* of municipal clerk and the *appointive office* of municipal collector, the corporate authorities may provide by ordinance for such person to receive the compensation provided for *each* of these offices." Ill. Rev. Stat. 1971, ch. 24, par. 3—13—11. (Emphasis added.)

The intent of the legislature in enacting these statutes was to make clear that one person could hold *both* the elective and the appointive office. See also, *Eaton v. Bragg* (1951), 96 N.H. 407, 77 A.2d 589.

It is not true, as defendants contend, that there is no statutory authority for the election of a collector in a village. Section 3—12—3 of the Illinois Municipal Code provides that trustees of a village "shall perform the duties and exercise the powers conferred upon the alderman of the city." (Ill. Rev. Stat. 1975, ch. 24, par. 3—12—3.) The Supreme Court in *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144, noted that section 3—7—1 (Ill. Rev. Stat. 1975, ch. 24, par. 3—7—1), conferring authority on city councils to provide for the appointment instead of the election of certain city officers created by ordinance, and by like ordinance to discontinue any such office effective at the end of the fiscal year, conferred similar authority on village trustees by virtue of section 3—12—3. Thus, although there is no parallel to section 3—4—19 (Ill. Rev. Stat. 1975, ch. 24, par. 3—4—19), contained under division 4, elected city officers, in division 5, which provides for elected village officials, such absence is not a limitation on the power of a village board to create such an office. However, the Oak Lawn Village Board did not purport to act under the provisions of section 3—4—19 to create an elected village collector; in fact, had they done so, Kolb could not have held that office. Section 3—8—3 only allows the clerk to hold the office of collector where "a village collector is appointed." Similarly, section 3—13—11 provides only for circumstances where the same person holds the *elective* office of clerk, and the *appointive* office of collector.

■■ It is apparent, then, that the Oak Lawn Village Board could not, by the provisions of section 3—8—3 under which it purported to act,

legally combine the two offices. The legal effect of the ordinance was to eliminate the president's power to appoint the village collector—the collector would henceforth be appointed automatically as a result of the election of the clerk. The ordinance created a unitary selection process for two distinct offices; those offices, however, continued their separate existence. Thus, Kolb's office of collector is an appointive one, and distinct from his elective office of clerk.

■■■ Defendants' next contention is that the village collector is not appointed for any definite term. We do not agree. Where the term of office has not been fixed by a constitutional or statutory provision, it is held at the pleasure of the appointing power (*People ex rel. Ruesch v. Hire* (1950), 406 Ill. 341, 94 N.E.2d 161), despite the fact that the appointing power has attempted to fix a definite term of office (*Anderson v. City of Jacksonville* (1942), 380 Ill. 44, 41 N.E.2d 956), and even when the statute permitted a city council to provide terms of office not to exceed two years. (*People ex rel. Smith v. City of Chicago* (1940), 374 Ill. 157, 28 N.E.2d 93.) Offices which are created by ordinance do not involve tenure, but are held at the pleasure of the appointing power. (*Dianis v. Waenke* (1975), 29 Ill. App. 3d 133, 330 N.E.2d 302.) The constitutional prohibition against lowering salaries does not apply to offices whose terms are not fixed by constitutional or statutory provisions. *Smith; Anderson; Ruesch.*

We read the foregoing cases as applying only to officers subject to appointment by the chief executive officer, and confirmation by the municipal legislative body, as in *Smith* and *Anderson,* or to duties performed *ex-officio,* as in *Ruesch.* The statutory provisions controlling the creation of municipal officers are governed by the requirements of appointment and confirmation. The statutory provisions allowing a municipality, city or village, to provide that the elected clerk *shall* hold the office of collector creates a special exception to that procedure. Unlike the other officers, the collector is no longer appointed by the chief executive officer of the municipality and subject to confirmation by its legislative body; the office is instead filled by the elected clerk. According to defendants' cases, an official whose office is created by ordinance is subject to removal at the pleasure of the appointing power. But in a municipality adopting the provisions of section 3—8—3, who or what constitutes the appointing power?

Clearly the village president is not the appointing power—he presented no appointment of Kolb as collector to the village board for confirmation. The village board is not the appointing power—it has no power to effect such appointments absent a change in the form of government of the village by referendum. The electorate of the village, under the provisions of section 3—8—3, becomes the appointing power by process of

elimination—they, by their vote to elect a clerk, determine who the collector shall be for the succeeding four years. If defendants' cases were to be applied to the case at bar, the collector would be subject to removal at the pleasure of the appointing power. However, were the incumbent to be removed as collector by whichever person or agency is the appointing power, the statutory municipal provisions that the clerk *shall* hold the office of collector would be violated.

In order to remove the village clerk, absent a formal proceeding to remove him for cause, the incumbent would have to be ousted via the next village election, or by a referendum changing the form of government in the village. If the clerk can only be removed at the next election, and the collector, by ordinance is the same person as the clerk, it follows that the collector is not subject to removal, once appointed, during his elected four-year term of office as clerk, and is, therefore, an officer appointed for a definite term. It was in our opinion the legislative intent, by providing a special exception to allow the clerk to hold the office of collector, to subject that office to the same definite term of office as the elected clerk as provided in section 3—5—9. Ill. Rev. Stat. 1975, ch. 24, par. 3—5—9.

■■ It follows then, that as the collector is appointed for a definite term, his salary may not be diminished during that term. The trial court, therefore, correctly held that the attempt of the village board to reduce the salary of the collector to $1 per year was null and void.

■■ Defendants argue that this result means that the clerk is merely the *ex-officio* collector, and that he is thereby not entitled to any compensation beyond his $4,500 salary as clerk. We note first that defendants have relied for support of this proposition on several dated cases which have lost their vitality in the face of more modern precedents. For example, in both *Allen v. United States Fidelity & Guaranty Co.* (1915), 269 Ill. 234, 109 N.E.2 1035, and *People ex rel. Coultas v. Wabash Ry. Co.* (1917), 281 Ill. 311, 117 N.E. 1018, where a separate salary was provided by *statute* for the *ex-officio* duties of supervisor of assessments or county assessor performed by the county treasurer, the Supreme Court held such provisions invalid on the grounds that additional *duties* were performed but were merely within the scope of the duties of the treasurer, and thus no additional compensation could be allowed. However, in *People ex rel. Ruesch v. Hire* (1950), 406 Ill. 341, 94 N.E.2d 161, the Supreme Court approved the payment of additional compensation as *ex-officio* overseer of the poor paid to the elected township supervisor. Moreover, all of the officers in the cases cited by defendants performed duties that were explicitly made *ex-officio* by statute. Despite attempts made in the instant case to characterize the clerk as being the *ex-officio* collector, defendants point to no statutory

provision using such express language, or indicating such an intent. Indeed, as we have noted above, the legislative intent to maintain two distinct offices is manifest. *People ex rel. Hanrahan v. Beck* (1973), 54 Ill. 2d 561, 301 N.E.2d 281, cited by defendants, does not indicate a contrary result. There the office of county comptroller, which was severed from the elected office of county clerk and made a separate appointive office, was held *ex-officio* by the clerk pursuant to a specific statute. Moreover, that case was decided under provisions of article VII of the Constitution specifically governing county home rule.

Defendants further argue that they may simply abolish the office of collector and transfer its functions to another official. The Supreme Court has noted in *Pechous* that the power to abolish an office and the power to devolve its functions on another official are two distinct powers. However, we have already noted our judgment that section 3—7—1 and section 3—8—1 are not applicable to officers appointed for a definite term, and thus to a village collector who is also the elected clerk. The only authority to discontinue an office, outside of the referendum powers conferred by article VII of the Constitution, is contained in those statutory sections. Nor can the village board simply repeal the 1966 enabling ordinance—a repeal could only become effective at the expiration of the incumbent's term of office. To given earlier effect to such a repeal would accomplish by indirection what could not be done directly, to remove an officer appointed for a definite term. Thus, the trial court also correctly held the proposed ordinance to abolish the office of collector to be void.

Defendants repeat the argument rejected by the Supreme Court in *Pechous* that the compensation provided for in the annual appropriation ordinance must be disregarded because the statute (Ill. Rev. Stat. 1973, ch. 24, par. 3—13—2), does not permit the fixing of salaries of officers elected for a definite term in the appropriation ordinance but requires a separate ordinance. The Supreme Court held that the particular form of ordinance to be used in fixing the salaries of the officers of a home rule municipality "seems clearly to relate to the government and affairs of the municipality," as provided for in article VII, section 6(a), of the Constitution. Thus, no separate ordinance is necessary. *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144.

■■ The final issue on this appeal is the assessment of plaintiffs' attorney's fees against the individual defendant trustees. Plaintiffs have advanced a plethora of arguments in support of the trial court's order, and the issue has been vigorously disputed in oral argument. However, it is plain from the recent decision of the Supreme Court in *Pechous* that the award of attorney's fees must be reversed. The language of the court is unmistakable, and unusually appropriate to the instant case. The court

noted a recent trend toward the allowance of attorney's fees to a successful litigant, and agreed with plaintiffs that the litigation was brought about by the illegal conduct of the members of the municipal legislative body.

> "Nevertheless we are of the opinion that these are not proper cases for the award of fees to the attorneys for the plaintiffs. No ground exists for placing the burden of the fees of the attorneys for the plaintiffs or of the attorneys for the defendant members of the legislative bodies upon the taxpayers of the municipalities. And while the conduct of the defendants, and particularly the conduct of the village trustees in the Oak Lawn case, appears to have been largely if not entirely without legal justification, the considerations that have supported the 'elementary rule' that members of a municipal legislative body are not personally liable for their legislative acts (see 56 Am. Jur. 2d *Municipal Corporations* sec. 146) remain applicable here." 64 Ill. 2d 576, 592-93.

Accordingly, that portion of the trial court's order enjoining the defendants from abolishing the office of collector or from reducing the salary of that office is affirmed. That portion of the order taxing attorney's fees against the individual members of the Village Board of Trustees is reversed.

Affirmed in part; reversed in part.

LORENZ, P. J., and SULLIVAN, J., concur.