**Peter L. DAKURAS, Plaintiff,**

v.

**Edward J. WAGROWSKI, et al., Defendants.**

No. 82 C 3917.

United States District Court, N.D. Illinois, E.D.

Nov. 30, 1982.

James R. Schirott, Schirott & Elsner, Itasca, Ill., for plaintiff.

Frank Kasbohm, Fraterrigo, Best & Beranek, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, Senior District Judge.

Plaintiff, Peter L. Dakuras ("Dakuras"), has brought this action against four trustees of the Village of Round Lake Beach, Illinois ("the village"), pursuant to 42 U.S.C. § 1983 ("§ 1983"). Dakuras was ap-pointed acting or temporary chief of police for the village on December 2, 1981, and was employed in this position until the filing of the instant complaint on June 21, 1982. He alleges that defendants, Edward J. Wagrowski, James Kolle, Charles L. Mleko and G. (Skip) Nejmanowski ("the trustees"), conspired to deprive him of his salary and prevent him from exercising the duties of his office, and that these events culminated in his "constructive discharge." Dakuras further alleges that the action of the trustees was in some way politically motivated. He seeks to recover the salary allegedly owed to him as well as $200,000 in punitive damages, and requests a variety of injunctive relief. Defendants have moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

The principal basis upon which the trustees' motion rests is that Dakuras has failed to allege an interest sufficient to raise a federal constitutional question under § 1983. Dakuras, however, contends that he enjoyed a "property interest" in his position as acting police chief, an interest derived from the laws of Illinois. He also relies on the recent decision in *Village of Round Lake Beach v. Brenner,* 107 Ill. App.3d 1, 62 Ill.Dec. 756, 436 N.E.2d 1058 (2d Dist.1982), which upheld the authority of the mayor of Round Lake Beach to appoint Dakuras as temporary police chief.

█ In order to be afforded the protection of the due process clause, the complaining party must have a liberty or property interest within the meaning of the fourteenth amendment. *Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Property interests

> "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

*Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. The Court in *Roth* held that plaintiff did not have a protected property interest in a one-year teaching contract which lacked a renewal provision: the terms of the contract secured no interest in his re-employment after the expiration of one year and supported no possible claim of entitlement to re-employment, "[n]or, significantly, was there any state statute or University rule or policy that secured his interest in re-employment or that created any legitimate claim to it." *Id.* at 578, 92 S.Ct. at 2710. *See also Perry v. Sinderman,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972) (a "person's interest in a benefit is a 'property' interest for due process purposes if there are ... rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.")

In *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), the Supreme Court again reiterated the proper inquiry for determining whether a property interest exists in employment:

"A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." (Footnotes omitted.)

*See also Confederation of Police v. City of Chicago,* 547 F.2d 375, 376 (7th Cir.1977); *Young v. Brashears,* 560 F.2d 1337, 1341 n. 9 (7th Cir.1977).

■ Thus, the question here is whether Illinois law establishes a property interest in Dakuras' employment as acting or temporary police chief. The starting point for this analysis is the recent decision in *Village of Round Lake Beach v. Brenner,* 107 Ill. App.3d 1, 62 Ill.Dec. 756, 436 N.E.2d 1058 (2d Dist.1982). There the village, through the four trustees named as defendants in this action, sought a declaratory judgment that Rodney Brenner ("Brenner"), mayor of

Round Lake Beach, lacked the authority to appoint Dakuras as chief of police without the advice and consent of the board of trustees. The appellate court affirmed the lower court's denial of this request, sustaining Brenner's claim that his authority derived from sections 3–7–1 and 3–7–2 of the Illinois Municipal Code, which provide, in relevant part:

"Instead of providing for the election of the following officers ..., the city council, in its discretion, may provide by ordinance ... for the appointment by the mayor, with the approval of the city council, ... any ... officers which the city council considers necessary or expedient..... [T]he city council, by a like vote may discontinue any office so created, ...

. . . .

"Unless otherwise specifically provided by statute, all officers of any city shall be appointed by the mayor by and with the advice and consent of the city council. Vacancies in all such city offices may be filled in the same manner.... *If such officer ceases to perform the duties of or to hold his office ... the mayor may appoint a temporary successor to the officer.*"

Ill.Rev.Stat. ch. 24, §§ 3–7–1, 3–7–2 (1979) (emphasis supplied). *See Brenner,* 107 Ill. App.3d at 3–6, 62 Ill.Dec. 756, 436 N.E.2d 1058.

These statutes are therefore the appropriate reference points in determining whether Dakuras has alleged the requisite property interest.[1] On their face, they do not resolve the issue at bar. Moreover, the court has not uncovered any interpretation of these provisions which would establish any right on the part of a temporary appointee to continued employment or protection against the type of "constructive discharge" alleged by Dakuras. Furthermore, it has been held that where the term of office has not been fixed by constitutional or statutory provi-

---

**1.** Dakuras apparently contends that because his appointment under these statutes was upheld, he enjoys a property interest in employment pursuant to that appointment. The mere

existence of a valid appointment, however, does not necessarily give rise to an interest worthy of constitutional recognition.

sion, it is held at the will and pleasure of the appointing power. *Dumke v. Anderson,* 44 Ill.App.3d 626, 632, 3 Ill.Dec. 177, 358 N.E.2d 344 (1st Dist.1976); *People ex rel. Ruesch v. Hire,* 406 Ill. 341, 94 N.E.2d 161 (1950). In the case at bar, Dakuras has not alleged that his term was so fixed. As discussed by Justice Stevens in *Bishop v. Wood,* 426 U.S. 341, 345–47, 96 S.Ct. 2074, 2077–79, 48 L.Ed.2d 684 (1976), when an employee's tenure is "at the will and pleasure of the city," no legitimate expectation of continued employment exists. Accordingly, there is no property interest at stake to spawn constitutional safeguards.[2]

Further support for this conclusion is found in state law concerning the due process rights of probationary police officers, the status of which is particularly instructive in light of the absence of a state rule determining the rights of temporary appointees. Illinois courts have consistently held that due process rights do not attach to probationary officers, and that such officers may be summarily dismissed without a hearing. *See, e.g., Romanik v. Board of Fire & Police Commissioners,* 61 Ill.2d 422, 338 N.E.2d 397 (1975); *Doyle v. Board of Fire & Police Commissioners,* 48 Ill.App.3d 449, 6 Ill.Dec. 550, 363 N.E.2d 79 (1st Dist. 1977) (relying on *Bishop v. Wood, supra,* and *Board of Regents v. Roth, supra.*

In order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, by virtue of state action, of a right secured by the Constitution or other law of the United States. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Dakuras seeks redress for an alleged deprivation of his fourteenth amendment due process rights. The Supreme Court, however, has warned that federal courts should not substitute their judgments in the name of due process

for every incorrect, false or ill-advised personnel decision. As stated in *Bishop,* 426 U.S. at 349–50, 96 S.Ct. at 2080:

"The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error." (Footnote omitted.)

What is presented in the case at bar is a contract dispute between Dakuras and the village trustees. What is not presented is an interest sufficient to raise a federal constitutional question under § 1983.[3] As noted above, the Illinois courts have already been utilized to settle a portion of this dispute. Any remaining issues should be similarly resolved.

For the reasons stated above, defendants' motion to dismiss is granted.

---

**2.** This conclusion is consistent with the general reluctance to find property interests in temporary employment. *See, e.g., Elkin v. Roudebush,* 564 F.2d 810, 812 (8th Cir.1977); *Jacobs v. Kunes,* 541 F.2d 222, 225 (9th Cir.1976).

**3.** Dakuras' claim that the actions of the trustees were "politically motivated" does not alter

the reasoning of the court. Nothing has been offered by Dakuras in his complaint in support of this bare and conclusory allegation beyond the claim that the trustees and the mayor of the village, Rodney Brenner, are members of different political parties.