AUGUSTUS LEMASTER, Plaintiff-Appellant, *v.* THE CITY OF GREEN ROCK *et al.*, Defendants-Appellees.

Third District   No. 82—408

Opinion filed April 22, 1983.

Thomas A. Blade, of Moline, for appellant.

Joseph D. Sheahan, of Davenport, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Augustus Lemaster filed a complaint for declaratory judgment, injunction and writ of *mandamus* against defendants city of Green Rock and its clerk, Martha Sawyer, alleging that certain payments constituted an unlawful increase in her salary. After a hearing on the merits and other determinations not germane to this appeal, the circuit court of Henry County entered summary judgment in defendants' favor.

In April 1979, Sawyer was elected city clerk of Green Rock, and she received a monthly salary for serving in this part-time position. By ordinance the clerk was also designated as the city collector. By tradition, however, the functions of that position were delegated to a deputy clerk, and Sawyer maintained that tradition. In July 1980, the deputy clerk resigned in an effort to eliminate what plaintiff believed would have been a potential conflict of interest, and Sawyer assumed her duties. In September 1980, an ordinance was passed and, pursuant to its terms, Sawyer began to receive personally those sums pre-

viously appropriated for the function of collection and paid to the deputy clerk. Presented for our review is the sole issue of whether the trial court correctly ruled that the city did not pay, and Sawyer did not receive, an unlawful increase in salary.

The controversy at bar stems from constitutional and statutory provisions. Article VII, section 9(b) of the 1970 Constitution of the State of Illinois provides:

"An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected."

Section 3—13—1 of the Illinois Municipal Code (hereinafter the Code) (Ill. Rev. Stat. 1979, ch. 24, par. 3—13—1) provides, *inter alia*:

"All municipal officers, except as otherwise provided, shall receive the salary, fees, or other compensation that is fixed by ordinance. After they are once fixed, these salaries, fees, or other compensation shall not be increased or diminished, so as to take effect during the term of any elected municipal officer. The salaries, fees or other compensation of any appointed municipal officer, not including those appointed to fill vacancies in elective offices, may be increased but not diminished so as to take effect during the term for which such officer was appointed."

Plaintiff contends that Sawyer is an elected municipal officer whose salary was increased when she began receiving the former deputy clerk's compensation.

Section 3—4—3 of the Code (Ill. Rev. Stat. 1979, ch. 24, par. 3—4—3) provides:

"No mayor, alderman, city clerk, or city treasurer, shall hold any other office under the city government during his term of office except as otherwise provided in Sections 3—4—15 and 3—11—28."

Section 3—11—28 of the Code (Ill. Rev. Stat. 1979, ch. 24, par. 3—11—28) pertains to clerks:

"In any city having a population of less than 1,000,000 in which the city council has provided for the appointment of a city collector, the city council may provide by ordinance that the city clerk shall hold the office of city collector."

Compensation in such a situation is addressed in section 3—13—11 of the Code (Ill. Rev. Stat. 1979, ch. 24, par. 3—13—11):

"In municipalities where the same person holds the elective office of municipal clerk and the appointive office of municipal collector, the corporate authorities may provide by ordinance

for such person to receive the compensation provided for each of these offices.''

This is precisely the situation at bar, stemming from the passage of the September ordinance.

Plaintiff relies on four decisions for the proposition that a salary increase for an elected official exists where the increase is designated for an appointed office. *Wood v. Cook* (1863), 31 Ill. 271, involved a former sheriff of Cook County who brought an action against a deputy sheriff and his sureties on their bond. The condition of the bond was that the deputy would faithfully discharge his duties as a deputy sheriff, and the alleged breach involved the collection of certain moneys. From 1839 to 1845, the offices of sheriff and collector were independent; however, in the latter year the sheriff became the *ex officio* collector. This being the case, the court rejected the argument that the collection function was not a duty addressed in the bond. In *Foote v. Lake County* (1903), 206 Ill. 185, 169 N.E. 47, plaintiff's decedent had been elected county treasurer when an act was passed providing that such officials would also be *ex officio* supervisors of assessments in their respective counties. This being the case, the court ruled that the compensation fixed by the county board included payment for all duties prescribed for the treasurer as supervisor of assessments. *Lee v. City of Venice* (1917), 206 Ill. App. 376, involved a mayor who by ordinance and statute was president of the board of local improvements. The city council passed a resolution pursuant to which he received a small monthly salary while certain improvements were in progress. The court ruled that the duties of board president were part of the duties of the mayor. This being the case, his salary as mayor was the only compensation to which he was entitled. In *Dalton v. City of Moline* (1977), 48 Ill. App. 3d 494, 359 N.E.2d 500, the mayor, by ordinance, was liquor control commissioner. During his term, the city council adopted a resolution establishing a monthly salary for the latter position. The court ruled the nominally two separate positions must be considered as one. This being the case, he was limited to his salary as mayor.

The common thread running through these four decisions is that an elected public official held an appointive *ex officio* position pursuant to an ordinance or statute, and the *ex officio* duties were considered part of the function of the elective office. As Sawyer is the *ex officio* collector of Green Rock by virtue of an ordinance conferring this status on the city clerk, it would appear at first glance that she is barred from receiving the former's salary.

*Dumke v. Anderson* (1976), 44 Ill. App. 3d 626, 358 N.E.2d 344,

also involved a situation where, by ordinance, the village clerk held the office of village collector; moreover, the ordinances of the municipality referred to the office as "clerk-collector." When the board of trustees moved to reduce the collector's salary to $1 per year, the "clerk-collector" sought declaratory and injunctive relief. The court considered whether there are two positions involved, or one:

> "We are of the opinion that section 3—8—3 did not give the village board the authority to combine the offices of clerk and collector. Nowhere in the statutes is there reference to a combined office of clerk-collector. Nowhere is there any specific grant of authority providing for a combination of the two offices. Indeed, section 3—13—11 of the Illinois Municipal Code, amended in 1971, *after* section 3—8—3 was last amended in 1965 makes continued reference to *separate* offices: *** The intent of the legislature in enacting these statutes was to make clear that one person could hold *both* the elective and the appointive office. See also, *Eaton v. Bragg* (1951), 96 N.H. 407, 77 A.2d 589.

* * *

> It is apparent, then, that the Oak Lawn Village Board could not, by the provisions of section 3—8—3 under which it purported to act, legally combine the two offices. The legal effect of the ordinance was to eliminate the president's power to appoint the village collector-the collector would henceforth be appointed automatically as a result of the election of the clerk. The ordinance created a unitary selection process for two distinct offices; those offices, however, continued their separate existence. Thus, Kolb's office of collector is an appointive one, and *distinct from his elective office of clerk.*" (Emphasis added.) *Dumke v. Anderson* (1976), 44 Ill. App. 3d 626, 631-32, 358 N.E.2d 344, 349. See also *Tupy v. Oremus* (1982), 105 Ill. App. 3d 932, 435 N.E.2d 197, *appeal denied* (1982), 91 Ill. 2d 581.

Under *Dumke*, it is clear that the elective office of clerk is distinct from the appointive office of collector. This is also apparent from the statutory scheme governing municipalities. (See Ill. Rev. Stat. 1979, ch. 24, par. 3—13—11.) Thus, unlike the situations in the decisions relied upon by the plaintiff, Sawyer's *ex officio* duties are not considered part of the function of her elected office. This being the case, those decisions are inapposite; and under both *Dumke* and section 3—13—11 of the Code (Ill. Rev. Stat. 1979, ch. 24, par. 3—13—11), Sawyer's receiving the collector's compensation did not constitute an ille-

gal increase in salary.

While there is no indication that such is present in the case *sub judice*, we are not unmindful of the potential for abuse which is present in the situation at bar. In regard to any possible modification of the present legal environment, we defer to the wisdom of the General Assembly.

Given our view of this cause, it is unnecessary to address the additional arguments here raised.

Accordingly, the judgment of the circuit court of Henry County is affirmed.

Judgment affirmed.

BARRY and SCOTT, JJ., concur.