**Joann R. WOLF, Individually and as Clerk/Collector of the Village of Schaumburg, Illinois, Plaintiff–Appellant,**

v.

**Al L. LARSON, Individually and as President of the Board of Trustees of the Village of Schaumburg, Illinois; Kenneth L. Gogue, Raymond E. LeBeau, and Carl G. Niemann, Individually and as Members of the Board of Trustees of the Village of Schaumburg, Illinois; Village of Schaumburg, a Municipal Corporation, Defendants–Appellees.**

No. 89–2047.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 22, 1990.

Decided March 16, 1990.

As Amended March 16, 1990.

[*] *Illinois Central R. Co. v. Michigan Central R. Co.,* 152 N.E.2d 627, 645 (Ill.App. 1st Dist.1958).

Herbert N. Sirott, Chicago, for plaintiff-appellant.

Jack M. Siegel, Siegel & Warnock, Chicago, for defendants-appellees.

Before CUMMINGS, CUDAHY, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Joann R. Wolf brought this action in the district court alleging that the defendants had deprived her of property without due process of law when they abolished her position as Village Collector. The district court held that she had failed to demonstrate a property interest in her position and salary and, consequently, granted summary judgment for the defendants. We affirm.

## Facts

The facts of the case are quite simple and undisputed. On April 7, 1987, plaintiff Wolf was elected to a four-year term as Clerk for the Village of Schaumburg at a salary of $3,840 per year. At the time Ms. Wolf was elected as Clerk, Village Ordinance No. 569 provided that the Village Clerk also was designated to hold the office of Village Collector.[1] Ordinance No. 569, which was passed in 1969, had been amended over the years to increase the salary of the Collector. At the time Ms. Wolf assumed the position of Collector, the salary was $37,060 per year.

In May 1987, shortly after Ms. Wolf's election, the defendant members of the Board of Trustees of Schaumburg enacted a new ordinance, which, effective May 1, 1988, repealed Ordinance No. 569 and created the office of Village Collector at a salary of $100 per year.[2]

Ms. Wolf brought a section 1983 action against the Village, certain Village Trustees, and the Village President. She claimed that these defendants deprived her of a property interest in her job as Collector without due process of law. She also alleged that the defendants violated her first amendment rights by repealing Ordinance No. 569 in retaliation for her speeches in support of nonpartisan elec-

---

1. Village Ordinance No. 569 provided, in pertinent part, as follows:

   There is hereby created the office of Village Collector of the Village of Schaumburg. The compensation for said office shall be Four Thousand Two Hundred Dollars ($4,200) per year. The Village Clerk is hereby designated to hold the office of Village Collector, pursuant to the provisions of Section 3–8–3 of Chapter 24 of the Illinois Revised Statutes.
   Memorandum Opinion and Order, No. 88 C 3668, 1989 WL 44569 (April 19, 1989), R.42 at 2 [hereinafter Mem. Op.].
   Section 3–8–3 of the Illinois Municipal Code provides as follows:

   If, in any village a village collector is appointed, the village board may provide by ordinance that the village clerk shall hold the office of village collector.
   Ill.Rev.Stat. ch. 24, para. 3–8–3 (1987).

2. This ordinance, No. 2796, provided in pertinent part:

   There is hereby created the office of village collector of the village. Compensation for such office shall be $100 per year.
   SECTION TWO: All ordinances in conflict with this ordinance are hereby repealed.
   Mem.Op. at 2 n. 1.

tions in Schaumburg. Ms. Wolf also alleged violations of the Illinois Municipal Code as pendent claims.

The district court (Duff, J.) initially denied a motion for preliminary injunction. The case later was reassigned to Judge Aspen, and all parties moved for summary judgment. In granting the defendants' motion, the district court (Aspen, J.) held that Ms. Wolf had failed to establish that she had a property interest in the position or in its salary. Memorandum Opinion and Order, No. 88 C 3668 (April 19, 1989), R.42 at 7 [hereinafter Mem. Op.]. With respect to the first amendment claim, the district court held that Ms. Wolf had failed to meet her obligation of presenting sufficient evidence to demonstrate the existence of a genuine issue of material fact. Mem.Op. at 7–8 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). She could not, ruled the district court, rely solely on the allegations in the complaint. Mem.Op. at 8 (citing *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988)).

### Analysis

On appeal, Ms. Wolf asks that we review the district court's disposition of her due process claim.

Both the procedural and substantive principles controlling the disposition of this case are well established and do not need extended elaboration. When reviewing the grant of summary judgment by the district court, our review is *de novo*. " '[W]e must decide whether the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to the judgment as a matter of law.' " *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1329 (7th Cir.1989) (quoting *Colan v. Cutler–Hammer, Inc.*, 812 F.2d 357, 360 (7th Cir.) (per curiam), *cert. denied*, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987)). Here, the facts are not in dispute and the case turns on the application of a well-established legal principle that also is not in dispute. As we noted recently in *Wolf v. City of Fitchburg*, 870 F.2d at 1330:

To prevail under the due process clause in the employment context, a plaintiff must establish a property interest in the employment. As the Supreme Court noted in *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972):

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Property interests "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

*See also Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611–12 (7th Cir.1989); *Lee v. County of Cook*, 862 F.2d 139, 141–43 (7th Cir.1988).

██ Ms. Wolf's principal contention is that the applicable Illinois statutes and ordinances created a property interest in the position and its salary that can be characterized as a "legitimate claim of entitlement." She relies heavily on the holding of the Appellate Court of Illinois in *Dumke v. Anderson*, 44 Ill.App.3d 626, 3 Ill.Dec. 177, 358 N.E.2d 344 (1976). In *Dumke*, the Village of Oak Lawn had passed an ordinance providing that, pursuant to section 3-8-3 of the Illinois Municipal Code, the village clerk "shall hold the office of village collector." 3 Ill.Dec. at 179–80, 358 N.E.2d at 346–47. Like plaintiff Wolf, the plaintiff in *Dumke* was elected to the office of clerk, and thus also became collector. *Id.* 3 Ill.Dec. at 180, 358 N.E.2d at 347. As in this case, most of the income for the

clerk-collector came from the collector position. *Id.* The village board then passed an ordinance, effective at the end of the fiscal year, reducing the collector's salary to a nominal amount. The board also had an ordinance prepared that would abolish the position of collector. *Id.*

On appeal, the Appellate Court of Illinois for the First District held that the board could not reduce the collector's salary and could not abolish the position. *Id.* 3 Ill. Dec. at 183–84, 358 N.E.2d at 350–51. The reasoning of the *Dumke* court was as follows. First, the court examined the enabling legislation and concluded that, despite the village's intent to combine the elected office of clerk and the appointed office of collector, the village had not succeeded in combining the offices because it was not legally authorized to do so. *Id.* 3 Ill.Dec. at 181–82, 358 N.E.2d at 348–49. Second, the court addressed the question whether the separate office of collector was appointed for a definite term. While reciting the general proposition that "[w]here the term of office has not been fixed by a constitutional or statutory provision, it is held at the pleasure of the appointing power," *id.* 3 Ill.Dec. at 182, 358 N.E.2d at 349, the court concluded that this proposition applied only to those officers subject to appointment by the chief executive officer and to confirmation by the municipal legislative body. *Id.* 3 Ill.Dec. at 183, 358 N.E.2d at 350. The court then concluded that the enabling statute, section 3–8–3, by allowing a village to provide that the elected clerk *shall* hold the office of collector, created an exception to the general rule that requires executive appointment and confirmation of municipal officers. *Id.* 3 Ill.Dec. at 183, 358 N.E.2d at 350. Thus, the court held, a village that adopts an

ordinance pursuant to section 3–8–3 in effect makes *the electorate* the appointing power, by tying the appointment of the collector to the election of the clerk. *Id.* 3 Ill.Dec. at 183, 358 N.E.2d at 350. And because, under ordinary circumstances, the only way the clerk (and hence, the collector) can be removed from office is by the next village election, the collector is thus an appointed officer for a definite term of office. *Id.* Therefore, the court concluded, under section 3–13–1 of the Illinois Municipal Code,[3] the collector's salary may not be reduced during his term of office. *Id.* 3 Ill.Dec. at 181, 183, 358 N.E.2d at 348, 350.

We agree with our colleagues in the district court that Ms. Wolf's submission is untenable. We believe that Judge Aspen was correct when he held that a later case from the same Illinois appellate district, *Tupy v. Oremus*, 105 Ill.App.3d 932, 61 Ill.Dec. 708, 435 N.E.2d 197 (1982),

> rejected the categorical implication of *Dumke* that any exercise of authority under § 3–8–3 by itself divests the village board of its common law powers over the office of collector. Rather, the courts should look to the ordinance itself and other evidence to determine if the Board intended to strip itself of the power to disband an appointive office.... With *Tupy*, the First District reaffirmed the presumption that appointive and decommissioning authority lies exclusively with the village board, even in the context of a § 3–8–3 appointment.

Mem.Op. at 6–7. We also believe that the district court correctly concluded that neither the language of the Schaumburg ordinance nor any evidence of record suggests

---

**3.** Section 3–13–1 of the Illinois Municipal Code provides as follows:

> All municipal officers, except as otherwise provided, shall receive the salary, fees, or *other compensation that is fixed by ordinance.* After they are once fixed, these salaries, fees, or other compensation shall not be increased or diminished, so as to take effect during the term of any elected municipal officer. The salaries, fees or other compensation of any appointed municipal officer, not including those appointed to fill vacancies in

> elective offices, may be increased but not diminished so as to take effect during the term for which such officer was appointed. Every municipal officer except the mayor, village president, aldermen and trustees shall make and return to the mayor or president, a semi-annual report verified by affidavit, of all fees, and other compensation received by them.
>
> This amendatory Act of 1975 is not a limit on any municipality which is a home rule unit.

Ill.Rev.Stat. ch. 24, para. 3–13–1 (1987).

that the Board intended to vest appointing authority in the electorate.

■ There is also a far more fundamental flaw in Ms. Wolf's case. The present version of section 3–13–1,[4] the statute that forbids the reduction of an appointive officer's salary during that officer's fixed term in office, does not limit the authority of home rule municipalities. Schaumburg is a home rule municipality.[5] Without the protection of this statute, Ms. Wolf had no legitimate expectation, grounded in state law, to continued compensation from the office of Collector.

■ In her appellate brief, Ms. Wolf also submits that there existed a mutually explicit understanding between her and the Village that she would hold both positions for a fixed term. She bases her contention on the fact that the Village President gave her an "official commission" as Clerk/Collector. She also relies on the fact that, since 1969, each person elected as Clerk served as Collector and enjoyed the salary increases for the Collector's position. In our view, this issue is waived. It was not raised in her amended complaint or in her own motion for summary judgment. Nor do we think that the oblique suggestion in her answer to the defendants' motion for summary judgment that the defendants should have known that the person elected Clerk also would serve as Collector adequately places this contention in issue. Indeed, Ms. Wolf did not contest the defendants' assertion of waiver either in a reply brief or at oral argument.

■ Even if we were to reach the merits of this claim, we would find the submission meritless. Ms. Wolf has not established a *mutually* explicit understanding. She certainly has not established that the Village President had the authority to bind the Village to giving Ms. Wolf a fixed term in office as Collector. "It is now firmly established that the 'mutually explicit understandings' that constitute property interests under the holding of *Perry* [*v. Sinder-*

*mann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972),] cannot be based on the representations of government officials who are not authorized to make such representations." *Wolf v. City of Fitchburg,* 870 F.2d at 1334.

### Conclusion

The district court correctly concluded that Ms. Wolf had no right, protected by state law, to her continuance in the office of Collector. Therefore, she had no cognizable property interest protected by the fourteenth amendment. Accordingly, the judgment of the district court is affirmed.

AFFIRMED

---

**4.** *See supra* note 3.

**5.** It is unclear whether the *Dumke* court overlooked this provision or whether it applied an

earlier version of that statute that did not contain an exception for home rule municipalities.